UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF WISCONSIN<br><br>Plaintiffs,<br><br>v.<br><br>P. H. GLATFELTER COMPANY and WTM I COMPANY (f/k/a Wisconsin Tissue Mills Inc.),<br><br>Defendants. | CIVIL ACTION NO. |

## **COMPLAINT**

The United States of America ("the United States"), by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request and on behalf of the Administrator of the United States Environmental Protection Agency, and the State of Wisconsin (the "State"), by authority of the Attorney General of Wisconsin and through the undersigned attorneys, acting at the request of the Governor of Wisconsin and on behalf of the Secretary of the Wisconsin Department of Natural Resources pursuant to Wis. Stat. § 165.25(1), file this complaint and allege as follows:

### STATEMENT OF THE CASE

1. This is a civil action brought against Defendants P. H. Glatfelter Company and WTM I Company (the "Defendants") pursuant to Sections 106 and 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9606 and

9607(a), as amended by the Superfund Amendments and Reauthorization Act of 1986 ("CERCLA"). The United States and the State seek to recover certain unreimbursed costs incurred for response activities undertaken in response to the release and threatened release of hazardous substances from facilities at and near the Lower Fox River and Green Bay Site in northeastern Wisconsin (hereinafter the "Site"). More specifically, the United States and the State seek to recover unreimbursed response costs associated with response activities relating to the segment of the Lower Fox River designated as Operable Unit 1 ("OU1") of the Site (Little Lake Butte des Morts), consisting of costs of performing and/or overseeing OU1 remedial design work since July 1, 2003 pursuant to an Administrative Order on Consent captioned In the matter of the Lower Fox River and the Green Bay Site, EPA Docket No. V-W-'03-C-745. The United States also seeks injunctive relief requiring that the Defendants take action to abate conditions at OU1 that may present an imminent and substantial endangerment to the public health or welfare or the environment because of actual and threatened releases of hazardous substances into the environment at and from OU1. Finally, the United States and the State seek a declaratory judgment, pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), declaring that the Defendants are liable for any future response costs that the United States or the State may incur in connection with response actions that may be performed for OU1.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action, and the parties hereto, pursuant to Section 113(b) and 113(e) of CERCLA, 42 U.S.C. §§ 9613(b) and 9613(e), and 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper in this district pursuant to Section 113(b) of CERCLA, 42 U.S.C.

§ 9613(b), and 28 U.S.C. § 1391(b) and (c) because the claims arose and the threatened and actual releases of hazardous substances occurred in this district.

## GENERAL ALLEGATIONS

4. Each of the Defendants is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

5. Defendant P.H. Glatfelter Company is a current and past "owner" and/or "operator" – within the meaning of CERCLA Sections 101(20) and 107(a), 42 U.S.C. §§ 9601(20) and 9607(a) – of a paper mill located within the Fox River Valley, near OU1.

6. Defendant WTM I Company is a past "owner" and/or "operator" – within the meaning of CERCLA Sections 101(20) and 107(a), 42 U.S.C. §§ 9601(20) and 9607(a) – of a paper mill located within the Fox River Valley, near OU1.

7. Each of the paper mills owned and/or operated by the Defendants is a "facility," within the meaning of CERCLA Sections 101(9) and 107(a), 42 U.S.C. §§ 9601(9) and 9607(a).

8. The Site is a "facility" and OU1 is a "facility," within the meaning of CERCLA Sections 101(9) and 107(a), 42 U.S.C. §§ 9601(9) and 9607(a).

9. At times relevant to this action, there have been "releases" and "threatened releases" of "hazardous substances" from the paper mills owned and/or operated by the Defendants and into the environment at and from OU1, within the meaning of CERCLA Sections 101(14), 101(22), and 107(a), 42 U.S.C. §§ 9601(14), 9601(22) and 9607(a). More specifically, there have been "releases" and "threatened releases" of polychlorinated biphenyls, which are "hazardous substances," within the meaning of CERCLA Sections 101(14) and 107(a), 42 U.S.C. §§ 9601(14) and 9607(a).

10. The United States and the State have incurred "response costs" relating to OU1 – within the meaning of CERCLA Section 101(25), 42 U.S.C. § 9601(25) – in responding to releases and threatened releases of hazardous substances from the paper mills owned and/or operated by the Defendants, and in responding to releases and threatened releases of hazardous substances into the environment at and from OU1. The response costs incurred by the United States and the State include costs of performing and/or overseeing OU1 remedial design work since July 1, 2003 pursuant to the Administrative Order on Consent captioned In the matter of the Lower Fox River and the Green Bay Site, EPA Docket No. V-W-'03-C-745.

11. The above-described response costs relating to OU1 were incurred by the United States and the State in a manner not inconsistent with the National Contingency Plan, which was promulgated under CERCLA Section 105(a), 42 U.S.C. § 9605(a), and codified at 40 C.F.R. Part 300.

12. Defendant P.H. Glatfelter Company is: (i) an owner and/or operator of a facility from which there were releases of hazardous substances, or threatened releases of hazardous substances, which caused the incurrence of response costs, within the meaning of CERCLA Section 107(a)(1), 42 U.S.C. § 9607(a)(1); and (ii) a person who at the time of disposal of a hazardous substance owned and/or operated a facility at which such hazardous substances were disposed and from which there were releases of hazardous substances, or threatened releases of hazardous substances, which caused the incurrence of response costs, within the meaning of CERCLA Section 107(a)(2), 42 U.S.C. § 9607(a)(2).

13. Defendant WTM I Company is: (i) a person who at the time of disposal of a hazardous substance owned and/or operated a facility at which such hazardous substances were

disposed and from which there were releases of hazardous substances, or threatened releases of hazardous substances, which caused the incurrence of response costs, within the meaning of CERCLA Section 107(a)(2), 42 U.S.C. § 9607(a)(2); and (ii) a person who by contract, agreement, or otherwise arranged for disposal or treatment of hazardous substances, or arranged with a transporter for disposal or treatment of hazardous substances, at a facility owned or operated by another party from which there were releases of hazardous substances, or threatened releases of hazardous substances, which caused the incurrence of response costs, within the meaning of CERCLA Section 107(a)(3), 42 U.S.C. Section 9607(a)(3).

## FIRST CLAIM FOR RELIEF
### (Cost Recovery by the United States Under CERCLA Section 107, 42 U.S.C. § 9607)

14. Paragraphs 1-13 are realleged and incorporated herein by reference.

15. Pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), the Defendants are jointly and severally liable to the United States for the following response costs incurred and to be incurred by the United States for OU1, as well as enforcement costs and prejudgment interest on such costs: (i) all costs of performing and/or overseeing OU1 remedial design work since July 1, 2003 pursuant to the Administrative Order on Consent captioned In the matter of the Lower Fox River and the Green Bay Site, EPA Docket No. V-W-'03-C-745; and (ii) all future costs of any response actions that may be performed for OU1.

## SECOND CLAIM FOR RELIEF
### (Cost Recovery by the State Under CERCLA Section 107, 42 U.S.C. § 9607)

16. Paragraphs 1-13 are realleged and incorporated herein by reference.

17. Pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), the Defendants are jointly and severally liable to the State for the following response costs incurred and to be

incurred by the State for OU1, as well as enforcement costs and prejudgment interest on such costs: (i) all costs of performing and/or overseeing OU1 remedial design work since July 1, 2003 pursuant to the Administrative Order on Consent captioned <u>In the matter of the Lower Fox River and the Green Bay Site</u>, EPA Docket No. V-W-'03-C-745; and (ii) all future costs of any response actions that may be performed for OU1.

### THIRD CLAIM FOR RELIEF
### (Injunctive Relief Under CERCLA Section 106, 42 U.S.C. § 9606)

18. Paragraphs 1-13 are realleged and incorporated herein by reference.

19. The United States Environmental Protection Agency has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of actual and threatened releases of hazardous substances into the environment at and from OU1.

20. Pursuant to CERCLA Section 106(a), 42 U.S.C. § 9606(a), the Defendants are subject to injunctive relief to abate the danger or threat presented by releases or threatened releases of hazardous substances into the environment at and from OU1.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the United States of America and the State of Wisconsin, respectfully request that this Court:

1. Enter judgment in favor of the United States and against the above-named Defendants, jointly and severally, for response costs incurred by the United States since July 1, 2003, including prejudgment interest, in connection with the above-described response actions relating to OU1;

2. Enter judgment in favor of the State and against the above-named Defendants,

jointly and severally, for response costs incurred by the State since July 1, 2003, including prejudgment interest, in connection with the above-described response actions relating to OU1;

3. Order the above-named Defendants to abate the conditions at OU1 that may present an imminent and substantial endangerment to the public health or welfare or the environment;

4. Enter a declaratory judgment in favor of the United States and the State and against the above-named Defendants pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that the Defendants are jointly and severally liable for future costs of any response actions that may be performed for OU1;

5. Award the United States and the State their costs of this action; and

6. Grant such other and further relief as the Court deems just and proper.

For the United States of America

Date: 9-5-03

*Tom Sansonetti*
THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Date: 9/5/2003

*Randall M. Stone*
RANDALL M. STONE, Trial Attorney
JEFFREY A. SPECTOR, Trial Attorney
DANIEL C. BECKHARD, Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 514-1308

STEVEN M. BISKUPIC
United States Attorney

MATTHEW V. RICHMOND
Assistant United States Attorney
Eastern District of Wisconsin
U.S. Courthouse and Federal Building - Room 530
517 E. Wisconsin Avenue
Milwaukee, WI 53202

For the State of Wisconsin

_____
JERRY L. HANCOCK
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
Madison, WI 53702
(608) 266-1221

# CERTIFICATE OF SERVICE

Pursuant to Paragraph 124 of the Consent Decree lodged with the Court on this date, I hereby certify that copies of the foregoing Complaint were served on this date by first-class mail, postage prepaid, upon the following individuals:

Nancy K. Peterson
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2040
Milwaukee, WI 53202-4497

J.P. Causey Jr.
Vice President & Corporate Secretary
WTM I Company
c/o Chesapeake Corporation
1021 E. Cary Street
Box 2350
Richmond, VA 23218-2350

Patrick H. Zaepfel
Environmental Counsel
Glatfelter
96 South George Street, Suite 500
York, PA 17401

David G. Mandelbaum
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

Jerry L. Hancock
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857

Peggy Schneider
Oneida Law Office
P.O. Box 109
Oneida, WI 54155

Mercedes Swimmer
Program Attorney
Menominee Tribal Offices
P.O. Box 910
Keshena, WI 54135

Matthew V. Richmond
Assistant United States Attorney
Eastern District of Wisconsin
U.S. Courthouse and Federal Building - Room 530
517 E. Wisconsin Avenue
Milwaukee, WI 53202

John Carlucci
Office of the Solicitor
U.S. Department of the Interior
1849 C Street N.W. - Rm 6553
Washington, DC 20240

Roger M. Grimes
Associate Regional Counsel (C-14J)
U.S. Environmental Protection Agency
77 W. Jackson Blvd.
Chicago, IL 60604

Douglas P. Dixon
U.S. Environmental Protection Agency
Ariel Rios Building - Mail Code 2272A
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

Marguerite Matera
Office of General Counsel
National Oceanic and Atmospheric Administration
1 Blackburn Drive – Suite 205
Gloucester, MA 01930

Kathleen L. Cavanaugh
Assistant Attorney General
5th Floor, South Tower
Constitution Hall
525 West Allegan Street
Lansing, MI 48933

_October 1, 2003_
Date

_Randall M. Stone_