UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF WISCONSIN<br><br>Plaintiffs,<br><br>v.<br><br>P. H. GLATFELTER COMPANY<br>and<br>WTM I COMPANY<br>(f/k/a Wisconsin Tissue Mills Inc.),<br><br>Defendants. | CIVIL ACTION NO.<br><br><br><br><br><br><br><br>Rule 7.4 Expedited Non-Dispositive Motion |

## UNITED STATES' UNOPPOSED MOTION TO EXTEND TIME FOR DEFENDANTS TO ANSWER COMPLAINT

The United States of America (the "United States"), by and through its attorneys, hereby moves the Court to extend the time for the Defendants to answer the Complaint, as described below. All parties to this action support this Motion and support entry of the accompanying proposed "Order Extending Time for Defendants to Answer Complaint."

1. The United States and the State of Wisconsin (collectively the "Plaintiffs") have filed a Complaint in this action pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, as amended ("CERCLA"), 42 U.S.C. §§ 9606 and 9607. The Plaintiffs' Complaint concerns polychlorinated biphenyl ("PCB") contamination in the portion of the Lower Fox River and Green Bay Site (the "Site") designated as Operable Unit 1 (Little Lake Butte des Morts).

2. The Plaintiffs have also lodged with the Court a proposed Consent Decree setting forth the terms of a proposed settlement between the Plaintiffs and the above-named Defendants concerning Operable Unit 1. If approved and entered by the Court after a public comment period, the Consent Decree would resolve the claims asserted in the Complaint, upon the terms and conditions set forth in the Consent Decree.

3. In the near future, the United States will publish notice of the lodging of the proposed Consent Decree in the Federal Register to commence a thirty (30)-day public comment period in accordance with CERCLA Section 122(d)(2), 42 U.S.C. § 9622(d)(2). The Court should not sign the proposed Consent Decree until the public has had an opportunity to comment and the Plaintiffs have addressed those comments, if any. The United States may withhold its consent to the proposed Consent Decree if the comments disclose facts or considerations which indicate that the proposed Consent Decree is improper, inappropriate, inadequate, or not in the public interest. At the conclusion of the public comment period, the Plaintiffs will: (i) file with the Court any written comments received pertaining to the proposed Consent Decree; and (ii) either notify the Court of the United States' withdrawal of the proposed Consent Decree, or respond to comments received and request this Court to sign and enter the proposed Consent Decree.

4. By executing the proposed Consent Decree, each of the Defendants expressly stipulated that the Court has personal jurisdiction over it, agreed to waive formal service of process requirements set forth in Fed. R. Civ. P. 4 and any applicable local rules of this Court, and agreed to accept service of the Complaint and all other pleadings in this case by U.S. Mail.

5. There will be no need for the Defendants to answer the Complaint if the Court

approves and enters the proposed Consent Decree, but the Defendants may need to answer the Complaint if the United States withdraws or withhold its consent to the Consent Decree, or if the Court declines to enter the proposed Consent Decree.

6. To avoid potentially unnecessary expenditures on litigation, the Court should enter an Order extending the time for each of the Defendants to answer the Complaint until 30 days after the United States notifies the Defendants that it has withdrawn or withheld its consent to the proposed Consent Decree, or until 30 days after the Court declines to enter the proposed Consent Decree. A proposed "Order Extending Time for Defendants to Answer Complaint" accompanies this Motion, and the United States respectfully request that the Court enter that Order without delay.

For the foregoing reasons, the United States respectfully requests that the Court enter an Order extending the time for each of the Defendants to answer the Complaint until 30 days after the United States notifies the Defendants that it has withdrawn or withheld its consent to the proposed Consent Decree, or until 30 days after the Court declines to enter the proposed Consent Decree.

Respectfully submitted,

For the United States of America

THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources Division

Date: *October 1, 2003*

*Randall M. Stone* (signature)

RANDALL M. STONE, Trial Attorney
JEFFREY A. SPECTOR, Trial Attorney
DANIEL C. BECKHARD, Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 514-1308


STEVEN M. BISKUPIC
United States Attorney


MATTHEW V. RICHMOND
Assistant United States Attorney
Eastern District of Wisconsin
U.S. Courthouse and Federal Building - Room 530
517 E. Wisconsin Avenue
Milwaukee, WI 53202

# CERTIFICATE OF SERVICE

Pursuant to Paragraph 124 of the Consent Decree lodged with the Court on this date, I hereby certify that copies of the foregoing Motion were served on this date by first-class mail, postage prepaid, upon the following individuals:

Nancy K. Peterson
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2040
Milwaukee, WI 53202-4497

J.P. Causey Jr.
Vice President & Corporate Secretary
WTM I Company
c/o Chesapeake Corporation
1021 E. Cary Street
Box 2350
Richmond, VA 23218-2350

Patrick H. Zaepfel
Environmental Counsel
Glatfelter
96 South George Street, Suite 500
York, PA 17401

David G. Mandelbaum
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

Jerry L. Hancock
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857

Peggy Schneider
Oneida Law Office
P.O. Box 109
Oneida, WI 54155

Mercedes Swimmer
Program Attorney
Menominee Tribal Offices
P.O. Box 910
Keshena, WI 54135

Matthew V. Richmond
Assistant United States Attorney
Eastern District of Wisconsin
U.S. Courthouse and Federal Building - Room 530
517 E. Wisconsin Avenue
Milwaukee, WI 53202

John Carlucci
Office of the Solicitor
U.S. Department of the Interior
1849 C Street N.W. - Rm 6553
Washington, DC 20240

Roger M. Grimes
Associate Regional Counsel (C-14J)
U.S. Environmental Protection Agency
77 W. Jackson Blvd.
Chicago, IL 60604

Douglas P. Dixon
U.S. Environmental Protection Agency
Ariel Rios Building - Mail Code 2272A
1200 Pennsylvania Avenue, N. W.
Washington, DC 20460

Marguerite Matera
Office of General Counsel
National Oceanic and Atmospheric Administration
1 Blackburn Drive – Suite 205
Gloucester, MA 01930

Kathleen L. Cavanaugh
Assistant Attorney General
5th Floor, South Tower
Constitution Hall
525 West Allegan Street
Lansing, MI 48933

_October 1, 2003_
Date

_Randall M. Stone_

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA<br>and the STATE OF WISCONSIN<br><br>Plaintiffs,<br><br>v.<br><br>P. H. GLATFELTER COMPANY<br>and<br>WTM I COMPANY<br>(f/k/a Wisconsin Tissue Mills Inc.),<br><br>Defendants. | CIVIL ACTION NO. |

**ORDER EXTENDING TIME FOR DEFENDANTS TO ANSWER COMPLAINT**

The United States has filed with the Court an "Unopposed Motion to Extend Time for Defendants to Answer Complaint." The United States has also lodged with the Court a proposed Consent Decree which would resolve the claims in the Complaint, upon the terms and conditions set forth in the Consent Decree. The United States' Motion seeks an extension of time for the Defendants to answer the Complaint, to allow time for receipt and consideration of public comment on the proposed Consent Decree, and for the Court's review of the Consent Decree after the relevant public comment period.

**NOW, THEREFORE**, in light of the United States' Motion and the proposed Consent Decree executed by the Plaintiffs and the Defendants, and good cause appearing, **IT IS HEREBY ORDERED**:

- 2 -

1. Defendants P. H. Glatfelter Company and WTM I Company shall not be required to answer the Complaint if the Court approves and enters the Consent Decree after the public comment period, but the Defendants shall answer the Complaint if the United States notifies the Defendant that it has withdrawn or withheld its consent to the Consent Decree, or if the Court declines to enter the proposed Consent Decree.

2. The time for each Defendant to answer the Complaint, if required under the preceding paragraph, is hereby extended until 30 days after the United States notifies the Defendants that it has withdrawn or withheld its consent to the Consent Decree, or until 30 days after the Court declines to enter the proposed Consent Decree.

**SO ORDERED.**

_____  _____
Date                            United States District Judge