UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF WISCONSIN<br><br>Plaintiffs,<br><br>v.<br><br>P. H. GLATFELTER COMPANY and<br>WTM I COMPANY<br>(f/k/a Wisconsin Tissue Mills Inc.),<br><br>Defendants. | CIVIL ACTION NO. |

## NOTICE OF LODGING OF
## "CONSENT DECREE FOR REMEDIAL DESIGN AND REMEDIAL ACTION AT OPERABLE UNIT 1 OF THE LOWER FOX RIVER AND GREEN BAY SITE"

The United States of America (the "United States") and the State of Wisconsin (the "State") (collectively the "Plaintiffs"), by and through their attorneys, hereby lodge the accompanying proposed Consent Decree with this Court. The Plaintiffs' Complaint and the proposed Consent Decree concern polychlorinated biphenyl ("PCB") contamination in the portion of the Lower Fox River and Green Bay Site (the "Site") designated as Operable Unit 1 (Little Lake Butte des Morts).

1. The Plaintiffs have filed a Complaint in this action pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, as amended ("CERCLA"), 42 U.S.C. §§ 9606 and 9607. The Plaintiffs' Complaint alleges that

Defendants P. H. Glatfelter Company and WTM I Company (the "Defendants") are parties liable under CERCLA for certain cleanup-related response costs incurred for response activities undertaken in response to the release and threatened release of hazardous substances from facilities at and near Operable Unit 1. The United States also seeks injunctive relief under CERCLA requiring that the Defendants take action to abate conditions at Operable Unit 1 that may present an imminent and substantial endangerment to the public health or welfare or the environment because of actual and threatened releases of hazardous substances into the environment at and from Operable Unit 1.

2. The accompanying proposed Consent Decree sets forth the terms of a proposed settlement between the Plaintiffs and the Defendants concerning Operable Unit 1. If approved and entered by the Court after a public comment period, the Consent Decree would resolve the claims asserted in the Complaint, upon the terms and conditions set forth in the Consent Decree. The Court would retain jurisdiction over the matter for the purpose of interpreting, supervising, and enforcing the terms of the Consent Decree.

3. Under the proposed settlement set forth in the Consent Decree, the Defendants would implement the cleanup remedy for Operable Unit 1 that was selected in a December 2002 Record of Decision issued jointly by the U.S. Environmental Protection Agency ("EPA") and the Wisconsin Department of Natural Resources ("WDNR"). The Defendants would pay for that remedial action work using a specially-dedicated fund to be established by the companies. That fund would ultimately hold more than $60 million, including $50 million from the Defendants, an additional $10 million available under a prior interim settlement with Appleton Paper Inc. and NCR Corporation, and all interest earned on the money placed in the fund. Even if that dedicated

fund is not sufficient to finance the completion of the work, the Consent Decree reserves the Plaintiffs' rights to require the Defendants to perform or pay for the continuation and completion of the work. The settlement would <u>not</u> resolve Defendants' potential liability for response activities or response costs relating to areas of the Site other than Operable Unit 1.

4. The proposed Consent Decree also would require the Defendants to pay $3,000,000 for natural resource damages and $1,050,000 as partial reimbursement of past costs incurred by EPA, WDNR, and the U.S. Department of the Interior. Even so, the Consent Decree would not resolve Defendants' potential liability for payment of additional natural resource damages or for additional unreimbursed past costs incurred by the Plaintiffs.

5. In accordance with CERCLA Section 122(d)(2), 42 U.S.C. § 9622(d)(2), the United States will publish notice of the lodging of the proposed Consent Decree in the Federal Register to commence a thirty (30)-day public comment period. The Court should not sign the proposed Consent Decree until the public has had an opportunity to comment and the Plaintiffs have addressed those comments, if any.

6. The Plaintiffs may withhold their consent to the proposed Consent Decree if the comments disclose facts or considerations which indicate that the proposed Consent Decree is improper, inappropriate, inadequate, or not in the public interest.

7. At the conclusion of the public comment period, the Plaintiffs will: (i) file with the Court any written comments received pertaining to the proposed Consent Decree; and (ii) either notify the Court of their withdrawal of the proposed Consent Decree, or respond to comments received and request this Court to sign and enter the proposed Consent Decree.

Respectfully submitted,

For the United States of America

THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources Division

Date: *October 1, 2003*

*/s/ Randall M. Stone*
RANDALL M. STONE, Trial Attorney
JEFFREY A. SPECTOR, Trial Attorney
DANIEL C. BECKHARD, Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 514-1308


STEVEN M. BISKUPIC
United States Attorney


MATTHEW V. RICHMOND
Assistant United States Attorney
Eastern District of Wisconsin
U.S. Courthouse and Federal Building - Room 530
517 E. Wisconsin Avenue
Milwaukee, WI 53202

For the State of Wisconsin

JERRY L. HANCOCK
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
Madison, WI 53702
(608) 266-1221

# CERTIFICATE OF SERVICE

Pursuant to Paragraph 124 of the Consent Decree lodged with the Court on this date, I hereby certify that copies of the foregoing Notice of Lodging (and the proposed Decree) were served on this date by first-class mail, postage prepaid, upon the following individuals:

Nancy K. Peterson
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2040
Milwaukee, WI 53202-4497

J.P. Causey Jr.
Vice President & Corporate Secretary
WTM I Company
c/o Chesapeake Corporation
1021 E. Cary Street
Box 2350
Richmond, VA 23218-2350

Patrick H. Zaepfel
Environmental Counsel
Glatfelter
96 South George Street, Suite 500
York, PA 17401

David G. Mandelbaum
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

Jerry L. Hancock
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857

Peggy Schneider
Oneida Law Office
P.O. Box 109
Oneida, WI 54155

Mercedes Swimmer
Program Attorney
Menominee Tribal Offices
P.O. Box 910
Keshena, WI 54135

Matthew V. Richmond
Assistant United States Attorney
Eastern District of Wisconsin
U.S. Courthouse and Federal Building - Room 530
517 E. Wisconsin Avenue
Milwaukee, WI 53202

John Carlucci
Office of the Solicitor
U.S. Department of the Interior
1849 C Street N.W. - Rm 6553
Washington, DC 20240

Roger M. Grimes
Associate Regional Counsel (C-14J)
U.S. Environmental Protection Agency
77 W. Jackson Blvd.
Chicago, IL 60604

Douglas P. Dixon
U.S. Environmental Protection Agency
Ariel Rios Building - Mail Code 2272A
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

Marguerite Matera
Office of General Counsel
National Oceanic and Atmospheric Administration
1 Blackburn Drive – Suite 205
Gloucester, MA 01930

Kathleen L. Cavanaugh
Assistant Attorney General
5th Floor, South Tower
Constitution Hall
525 West Allegan Street
Lansing, MI 48933

_October 1, 2003_
Date

_[signature: Randall M. Stone]_