disbursed to EPA or the State, as appropriate, in the manner described in Paragraph 54; and the amount that was successfully contested need not be paid to EPA or to the State. The dispute resolution procedures set forth in this Paragraph in conjunction with the procedures set forth in Section XX (Dispute Resolution) shall be the exclusive mechanisms for resolving disputes regarding reimbursement of the United States and the State for their Specified Future Response Costs.

## XXI. STIPULATED PENALTIES AND STIPULATED DAMAGES

69.     Settling Defendants shall be liable for stipulated penalties and/or stipulated damages in the amounts set forth in this Section for failure to comply with the requirements of this Consent Decree specified below, unless excused under Section XIX (Force Majeure Events) or Paragraph 2 (Force Majeure Events for Restoration Work) of Appendix E. "Compliance" by Settling Defendants shall include completion of the activities under this Consent Decree or any work plan or other plan approved under this Consent Decree identified below in accordance with all applicable requirements of law, this Consent Decree, the SOW, and any plans or other documents approved by the Plaintiffs pursuant to this Consent Decree and within the specified time schedules established by and approved under this Consent Decree.

70. <u>Stipulated Penalty Amounts - Failure to Make Payments</u>. A Settling Defendant shall be liable for stipulated penalties in the amounts set forth below for each day of violation for that Settling Defendant's failure to make payments as required under this Consent Decree:

| VIOLATION | PENALTY PER DAY | | |
|---|---|---|---|
| | UP TO<br>10 DAYS | 11-30<br>DAYS | OVER<br>30 DAYS |
| Failure to deposit funds in the Escrow<br>  Account as required by<br>  Subparagraph 50.a: | $10,000 | $15,000 | $25,000 |
| Failure to make any Initial Payments to<br>  Plaintiffs as required by Paragraph 52: | $1,000 | $2,500 | $5,000 |
| Failure to make any payment of Specified<br>  Future Response Costs as required by<br>  Subparagraphs 54.a.(2) or 54.b.(2): | $1,000 | $2,500 | $5,000 |

Any stipulated penalties for failure to deposit funds in the Escrow Account shall be divided evenly between EPA and the State. Any stipulated penalties for failure to make any Initial Payments to Plaintiffs shall be divided between the United States and the State in proportion to the amounts that are unpaid or overdue. Any stipulated penalties for failure to make payment of Specified Future Response Costs shall be paid to the Party that rendered the bill involved.

71. <u>Stipulated Penalty Amounts - Response Work</u>. Settling Defendants shall be liable for stipulated penalties in the amounts set forth below for each day of violation for failure to perform Response Work as required under this Consent Decree:

| VIOLATION | PENALTY PER DAY | | |
| --- | --- | --- | --- |
| | UP TO 10 DAYS | 11-30 DAYS | OVER 30 DAYS |
| Failure to perform the Remedial Action in accordance with the schedule and requirements established by the Remedial Action Work Plan, as mandated by Paragraph 14: | $2,000 | $5,000 | $10,000 |
| Failure to perform O&M or Long Term Monitoring in accordance with the schedule and requirements established by the Final Operation and Maintenance Plan, as mandated by Paragraph 14, Paragraph 18, and Paragraph 19: | $1,000 | $2,500 | $5,000 |
| Failure to perform Institutional Controls requirements in accordance with the schedule and requirements established by the Institutional Controls Plan, as mandated by Paragraph 14 and Paragraph 18: | $1,000 | $2,500 | $5,000 |
| Failure to undertake response action as required by Section XV (Emergency Response): | $5,000 | $10,000 | $20,000 |

Any stipulated penalties under this Paragraph shall be divided evenly between EPA and the State.

72. <u>Stipulated Penalty Amount - Response Work Takeover</u>. In the event that the Response Agencies assume performance of a portion or all of the Response Work pursuant to Paragraph 90 of Section XXII (Covenants Not to Sue by Plaintiffs), Settling Defendants shall be liable for a stipulated penalty in the amount of $250,000. Any stipulated penalties under this Paragraph shall be divided evenly between EPA and the State.

70

73.    <u>Stipulated Penalty Amounts - Response Work Reports and Submissions</u>.  Settling
Defendants shall be liable for stipulated penalties in the amounts set forth below for each day of
violation for failure to comply with Response Work reporting and submission requirements
under this Consent Decree:

| VIOLATION | PENALTY PER DAY | | |
|---|---|---|---|
| | UP TO 10 DAYS | 11-30 DAYS | OVER 30 DAYS |
| Failure to submit a Remedial Action Work Plan or any other Remedial Action Plan as Required by Paragraph 14: | $2,000 | $4,000 | $5,000 |
| Failure to submit any Monthly RD/RA Progress Report as required by Paragraph 31: | $1,000 | $2,000 | $2,500 |
| Failure to submit any Quarterly Report as required by Paragraph 32: | $1,000 | $2,000 | $2,500 |
| Failure to comply with the Release Reporting requirements under Paragraph 33: | $1,000 | $2,000 | $2,500 |

Any stipulated penalties under this Paragraph shall be divided evenly between the United States
and the State.

74.    <u>Stipulated Damages Amounts - NRD Commitment</u>.  A Settling Defendant shall be
liable for stipulated damages in the amounts set forth below for each day of violation for that
Settling Defendant's failure to comply with requirements under this Consent Decree relating to
the NRD Commitment:

| VIOLATION | DAMAGES PER DAY | | |
|---|---|---|---|
| | UP TO 10 DAYS | 11-30 DAYS | OVER 30 DAYS |
| Failure to make the Subsequent Payment for Natural Resource Restoration as required by Subparagraph 53.a: | $1,000 | $2,500 | $5,000 |
| Failure to perform Approved Restoration Work in accordance with an approved Project Implementation Plan, as required by Paragraph 48: | $500 | $1,000 | $1,500 |
| Failure to submit a Final Project Report on Approved Restoration Work, as required by Subparagraph 48.e: | $500 | $1,000 | $2,000 |

Any stipulated damages under this Paragraph shall be divided evenly between the United States and the State.

75.    All stipulated penalties and/or stipulated damages shall begin to accrue on the day after the complete performance is due or the day a violation occurs, and shall continue to accrue through the final day of the correction of the noncompliance or completion of the activity. However, stipulated penalties shall not accrue:  (i) with respect to a deficient submission under Section XII (Response Agencies' Approval of Plans and Other Submissions), during the period, if any, beginning on the 31st day after the response Agencies' receipt of such submission until the date that the Response Agencies notify Settling Defendants of any deficiency; (ii) with respect to a decision by the Plaintiffs under Paragraph 3 (Dispute Resolution for Restoration Work) of Appendix E, during the period, if any, beginning on the 21st day after the date that Settling Defendants' Statement of Position is received until the date that the Plaintiffs issue a final administrative decision regarding such dispute; (iii) with respect to a decision by the Superfund Division Director for Region 5 under Subparagraph 65.b or 66.a of Section XX

(Dispute Resolution), during the period, if any, beginning on the 21st day after the date that Settling Defendants' reply to EPA's Statement of Position is received until the date that the Superfund Division Director issues a final decision regarding such dispute; or (iv) with respect to judicial review by this Court of any dispute under Section XX (Dispute Resolution) or Paragraph 3 of Appendix E, during the period, if any, beginning on the 31st day after the Court's receipt of the final submission regarding the dispute until the date that the Court issues a final decision regarding such dispute. Nothing herein shall prevent the simultaneous accrual of separate stipulated penalties and/or stipulated damages for separate violations of this Consent Decree.

76.     Following the Plaintiffs' determination that Settling Defendants have failed to comply with a requirement of this Consent Decree, the Plaintiffs may give Settling Defendants written notification of the same and describe the noncompliance. The Plaintiffs may send the Settling Defendants a written demand for the payment of the penalties. However, penalties shall accrue as provided in the preceding Paragraph regardless of whether the Plaintiffs have notified the Settling Defendants of a violation.

77.     Settling Defendants shall pay any stipulated penalties or stipulated damages accruing under this Section directly to the Plaintiffs, and shall not be entitled to seek payment or reimbursement of such penalties or damages from the Disbursement Special Account or from the Escrow Account under Paragraph 10, Paragraph 11, Appendix B, or Appendix C. All penalties or damages accruing under this Section shall be due and payable to the United States and the State within 30 days of the Settling Defendants' receipt of a demand for payment by the Plaintiffs, unless Settling Defendants invoke the Dispute Resolution procedures under Paragraph 3 of Appendix E or Section XX (Dispute Resolution). All payments under this

Section shall be paid by certified or cashier's check(s), shall indicate that the payment is for stipulated penalties or stipulated damages, and shall be submitted to EPA, to the State, and/or to the DOI NRDAR Fund, as appropriate, in the manner specified by Paragraph 55 (Payment Instructions).

78.     The payment of penalties or damages under this Section shall not alter in any way Settling Defendants' obligation to complete the performance of the Response Work or any Approved Restoration Work required under this Consent Decree.

79.     Penalties and/or damages shall continue to accrue as provided in Paragraph 75 during any dispute resolution period, but need not be paid until the following:

        a.      If the dispute is resolved by agreement or by an administrative decision that is not appealed to this Court, accrued penalties and/or damages determined to be owing shall be paid to within 15 days of the agreement or the receipt of the administrative decision;

        b.      If the dispute is appealed to this Court and the Plaintiffs prevail in whole or in part, Settling Defendants shall pay all accrued penalties and/or damages determined by the Court to be owed to the Plaintiffs within 60 days of receipt of the Court's decision or order, except as provided in Subparagraph c below;

        c.      If the District Court's decision is appealed by any Party, Settling Defendants shall pay all accrued penalties and/or damages determined by the District Court to be owing to the United States or the State into an interest-bearing escrow account within 60 days of receipt of the Court's decision or order. Penalties and/or damages shall be paid into this account as they continue to accrue, at least every 60 days. Within 15 days of receipt of the final appellate court decision, the Escrow Agent shall pay the balance of the account to the Plaintiffs or to Settling Defendants to the extent that they prevail.

74

80.     If Settling Defendants fail to pay stipulated penalties and/or stipulated damages when due, the United States or the State may institute proceedings to collect the penalties and/or damages, as well as interest. Settling Defendants shall pay Interest on the unpaid balance, which shall begin to accrue on the date of demand made pursuant to Paragraph 77.

81.     Nothing in this Consent Decree shall be construed as prohibiting, altering, or in any way limiting the ability of the United States or the State to seek any other remedies or sanctions available by virtue of Settling Defendants' violation of this Decree or of the statutes and regulations upon which it is based, including, but not limited to, penalties pursuant to Section 122(l) of CERCLA; provided, however, that the United States shall not seek civil penalties pursuant to Section 122(l) of CERCLA for any violation for which a stipulated penalty is provided herein, except in the case of a willful violation of the Consent Decree.

82.     Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive any portion of stipulated penalties or stipulated damages payable to the United States that have accrued pursuant to this Consent Decree. Similarly, notwithstanding any other provision of this Section, the State may, in its unreviewable discretion, waive any portion of stipulated penalties or stipulated damages payable to the State that have accrued pursuant to this Consent Decree.

## XXII. COVENANTS NOT TO SUE BY PLAINTIFFS

83.     <u>General Scope of Covenants</u>

a.     As specified by the covenants not to sue contained in Paragraphs 84 and 85, and subject to the reservations contained in Paragraphs 86, 87, 89, and 98, this Consent Decree is intended to addresses the Settling Defendants' alleged liability under Sections 106 and

107(a) of CERCLA for "OU1 Response Activities and Costs," as that term is defined by the following Subparagraph 83.b.

b.      For the purpose of this Consent Decree, the term "OU1 Response Activities and Costs" is defined as all response activities for Operable Unit 1 performed or to be performed after July 1, 2003, as well as all costs for response activities for Operable Unit 1 incurred after July 1, 2003. The "OU1 Response Activities and Costs" shall therefore include, but shall not be limited to, all Response Work performed or to be performed after July 1, 2003 and all Specified Future Response Costs.

84.     <u>United States' Covenant Not To Sue</u>. In consideration of the actions that will be performed by the Settling Defendants pursuant to this Consent Decree and the payments that will be made to the Plaintiffs under the terms of the Consent Decree, and except as specifically provided by Paragraphs 86, 87, 89, and 98, the United States covenants not to sue or to take administrative action against Settling Defendants for OU1 Response Activities and Costs pursuant to: (i) CERCLA Sections 106 and 107, 42 U.S.C. §§ 9606 and 9607; (ii) RCRA Section 7003, 42 U.S.C. § 6973; (iii) Clean Water Act Section 311, 33 U.S.C. § 1321; (iv) Toxic Substances Control Act Section 7, 15 U.S.C. § 2606; or (v) Section 10 of the Rivers and Harbors Act of 1899, 33 U.S.C. § 403. Except with respect to future liability, these covenants not to sue shall take effect upon the receipt by Plaintiffs of the payments required by Paragraph 52 (Initial Payments to Plaintiffs). With respect to future liability, these covenants not to sue shall take effect upon Certification of Completion of Remedial Action by EPA pursuant to Paragraph 44.b. These covenants not to sue are conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree. These covenants not to sue extend only to the Settling Defendants and do not extend to any other person; <u>provided</u>, <u>however</u> that

these covenants not to sue (and the reservations thereto) shall also apply to Settling Defendants' Related Parties.

85. <u>State's Covenant Not To Sue</u>. In consideration of the actions that will be performed by the Settling Defendants and the payments that will be made to the Plaintiffs under the terms of the Consent Decree, and except as specifically provided by Paragraphs 86, 87, 89, and 98, the State covenants not to sue or to take administrative action against Settling Defendants for OU1 Response Activities and Costs pursuant to: (i) CERCLA Section 107, 42 U.S.C. § 9607; (ii) RCRA Section 700, 42 U.S.C. § 6972; (iii) Clean Water Act Section 505, 33 U.S.C. § 1365; (iv) Toxic Substances Control Act Section 20, 15 U.S.C. § 2619; or (v) Wisconsin statutory or common law. Except with respect to future liability, these covenants not to sue shall take effect upon the receipt by Plaintiffs of the payments required by Paragraph 52 (Initial Payments to Plaintiffs). With respect to future liability, these covenants not to sue shall take effect upon Certification of Completion of Remedial Action by EPA pursuant to Paragraph 44.b. These covenants not to sue are conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree. These covenants not to sue extend only to the Settling Defendants and do not extend to any other person; <u>provided, however</u> that these covenants not to sue (and the reservations thereto) shall also apply to Settling Defendants' Related Parties.

86. <u>Pre-certification Reservations</u>. Notwithstanding any other provision of this Consent Decree, the United States and the State reserve, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, or to issue an administrative order seeking to compel Settling Defendants (i) to perform further response

77

actions relating to OU1 or (ii) to reimburse the United States or the State for additional costs of response if, prior to Certification of Completion of the Remedial Action:

> (1)        conditions relating to OU1, previously unknown to EPA, are discovered, or

> (2)        information, previously unknown to EPA, is received, in whole or in part,

and these previously unknown conditions or information together with any other relevant information indicates that the Remedial Action is not protective of human health or the environment.

       87.    <u>Post-certification Reservations</u>.  Notwithstanding any other provision of this Consent Decree, the United States and the State reserve, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, or to issue an administrative order seeking to compel Settling Defendants (i) to perform further response actions relating to OU1 or (ii) to reimburse the United States or the State for additional costs of response if, subsequent to Certification of Completion of the Remedial Action:

> (1)        conditions relating to OU1, previously unknown to EPA, are discovered, or

> (2)        information, previously unknown to EPA, is received, in whole or in part,

and these previously unknown conditions or this information together with other relevant information indicate that the Remedial Action is not protective of human health or the environment.

88.     For purposes of Paragraph 86, the information and the conditions known to EPA shall include only that information and those conditions known to EPA as of the date the ROD was signed and set forth in the Record of Decision and the administrative record supporting the Record of Decision. For purposes of Paragraph 87, the information and the conditions known to EPA shall include only that information and those conditions known to EPA as of the date of Certification of Completion of the Remedial Action and set forth in the Record of Decision, the administrative record supporting the Record of Decision, the post-ROD administrative record, or in any information received by EPA pursuant to the requirements of this Consent Decree prior to Certification of Completion of the Remedial Action.

89.     <u>General Reservations of Rights</u>. The covenants not to sue set forth above do not pertain to any matters other than those expressly specified in Paragraphs 84 and Paragraph 85. The United States and the State reserve, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all other matters, including but not limited to, the following:

         a.     claims based on a failure by Settling Defendants to meet a requirement of this Consent Decree;

         b.     liability for performance of response activities or for response costs falling outside the definition of the OU1 Response Activities and Costs, including but not limited to: (i) liability arising from the past, present, or future disposal, release, or threat of release of Waste Materials outside of the Site; (ii) liability for operable units at the Site other than OU1; and (iii) liability for response costs for OU1 incurred by the United States or by the State before the Date of Lodging (specifically including, but not limited to, any additional liability for Unresolved EPA Past Costs or for Unresolved State Past Costs);

Case 2:03-cv-00949-LA     Filed 10/01/03     Page 12 of 41     Document 4-3

c. liability for future disposal of Waste Material at OU1, other than as provided in the ROD, the Response Work, or otherwise ordered by EPA;

d. liability, prior to Certification of Completion of the Remedial Action, for additional response actions at OU1 that EPA determines are necessary to achieve Performance Standards, but that cannot be required pursuant to Paragraph 15 (Modification of the SOW or Related Work Plans);

e. liability for damages for injury to, destruction of, or loss of natural resources at the Site, and for the costs of any natural resource damage assessments relating to the Site (specifically including, but not limited to, any additional liability for natural resource damages beyond the NRD Commitment or for Unresolved DOI Past Costs);

f. liability for violations of federal or state law which occur during or after implementation of the Remedial Action; and

g. criminal liability.

90. Response Work Takeover  In the event EPA, in consultation with WDNR, determines that Settling Defendants have ceased implementation of any portion of the Response Work, are seriously or repeatedly deficient or late in their performance of the Response Work, or are implementing the Response Work in a manner which may cause an endangerment to human health or the environment, EPA and/or WDNR may assume the performance of all or any portions of the Response Work as EPA determines necessary.  Settling Defendants may invoke the procedures set forth in Section XX (Dispute Resolution), Paragraph 65, to dispute EPA's determination that takeover of the Response Work is warranted under this Paragraph.  Subject to the funding limitations and special reservations of rights specified in Section XXIV, costs

incurred by the United States and/or the State in performing the Response Work pursuant to this Paragraph shall be considered Specified Future Response Costs.

91. Notwithstanding any other provision of this Consent Decree, the United States and the State retain all authority and reserve all rights to take any and all response actions authorized by law.

## XXIII.  COVENANTS BY SETTLING DEFENDANTS

92. <u>Settling Defendants' Covenant Not to Sue.</u>  Subject to the reservations in Paragraph 93 and Paragraph 98, Settling Defendants hereby covenant not to sue and agree not to assert any claims or causes of action against the United States or the State with respect to the EPA Past Cost Payments, the State Past Cost Payments, the DOI Past Cost Payments, the NRD Commitment, the OU1 Response Activities and Costs, or this Consent Decree, including, but not limited to:

a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. § 9507) through CERCLA Sections 106(b)(2), 107, 111, 112, 113 or any other provision of law;

b. any claims against the United States (including any department, agency or instrumentality of the United States) or State (including any department, agency or instrumentality of the States) under CERCLA Sections 107 or 113, 42 U.S.C. §§ 9607 or 9613, related to the EPA Past Cost Payments, the State Past Cost Payments, the DOI Past Cost Payments, the NRD Commitment, or the OU1 Response Activities and Costs;

c. any claims against the United States (including any department, agency or instrumentality of the United States) or State (including any department, agency or instrumentality of the States) under the United States Constitution, the Wisconsin Constitution,

the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as

amended, or at common law, related to the EPA Past Cost Payments, the State Past Cost

Payments, the DOI Past Cost Payments, the NRD Commitment, or the OU1 Response Activities

and Costs;

        d.    any direct or indirect claim for disbursement from the Disbursement

Special Account (established pursuant to this Consent Decree), except as provided by Paragraph

10; or

        e.    any direct or indirect claim for disbursement from the Fox River Site

Special Account.

Except as provided in Paragraph 95 (Waiver of Claims Against De Micromis Parties) and

Paragraph 105 (Waiver of Claim-Splitting Defenses), these covenants not to sue shall not apply

in the event that the United States or the State brings a cause of action or issues an order pursuant

to the reservations set forth in Paragraph 86, Paragraph 87, or Subparagraphs 89.b to 89.e, but

only to the extent that Settling Defendants' claims arise from the same response action, response

costs, or damages that the United States or the State is seeking pursuant to the applicable

reservation.

        93.    The Settling Defendants reserve, and this Consent Decree is without prejudice to,

claims against the United States, subject to the provisions of Chapter 171 of Title 28 of the

United States Code, for money damages for injury or loss of property or personal injury or death

caused by the negligent or wrongful act or omission of any employee of the United States while

acting within the scope of his office or employment under circumstances where the United

States, if a private person, would be liable to the claimant in accordance with the law of the place

where the act or omission occurred. However, any such claim shall not include a claim for any

damages caused, in whole or in part, by the act or omission of any person, including any contractor, who is not a federal employee as that term is defined in 28 U.S.C. § 2671; nor shall any such claim include a claim based on EPA's selection of response actions, or the oversight or approval of the Settling Defendants' plans or activities. The foregoing applies only to claims which are brought pursuant to any statute other than CERCLA and for which the waiver of sovereign immunity is found in a statute other than CERCLA;

94. Nothing in this Consent Decree shall be deemed to constitute preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

95. <u>Waiver of Claims Against De Micromis Parties.</u>

a. Settling Defendants agree not to assert any claims and to waive all claims or causes of action that they may have for all matters relating to the Site, including for contribution, against any person where the person's liability to Settling Defendants with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, if the materials contributed by such person to the Site contained less than 2.0 kilograms of polychlorinated biphenyls (which amounts to 0.002% of the total mass of polychlorinated biphenyls remaining at the Site, as estimated by the December 2002 Remedial Investigation Report).

b. This waiver shall not apply to any claim or cause of action against any person meeting the above criteria if EPA has determined that the materials contributed to the Site by such person contributed or could contribute significantly to the costs of response at the Site. This waiver also shall not apply with respect to any defense, claim, or cause of action that a

83

Settling Defendant may have against any person if such person asserts a claim or cause of action relating to the Site against such Settling Defendant.

## XXIV. CONSENT DECREE FUNDING LIMITATION AND SPECIAL RESERVATIONS OF RIGHTS

96.    <u>Generally</u>.  The Parties currently anticipate that the funds to be deposited in the Escrow Account and the Disbursement Special Account under this Consent Decree (together with the interest earned on such deposits) will be sufficient to fund the completion of the Response Work, after all other payments and reimbursements from those Accounts have been made as required under this Consent Decree.  This Section addresses the anticipated risk of a future determination that those funds may not be sufficient for that purpose.  If that determination is made, the Parties' rights and obligations shall be governed by this Section, and the insufficiency shall not be considered a change in circumstances or a basis for seeking non-consensual relief from this Consent Decree pursuant to Fed. R. Civ. P. 60(b).

97.    <u>Funding Limitation</u>.  Except as expressly provided by Subparagraph 98.f.(3), this Consent Decree is not intended to impose any obligation on Settling Defendants to finance the Remedial Action with funding sources other than the Disbursement Special Account and the Escrow Account, or to deposit funds in those Accounts other than as required by Subparagraph 50.a.

98.    <u>Special Reservations of Rights Based on Costs of the Remedial Action</u>.

a.    <u>EPA Insufficiency Determination</u>.  EPA, in consultation with WDNR, shall periodically evaluate and project whether the total aggregated balance in the Escrow Account and the Disbursement Special Account is likely to be sufficient to fund the completion of the Response Work, after all other payments and reimbursements from those two Accounts

have been made as required under this Consent Decree. EPA's evaluations shall include an assessment of the timing and projected costs of the Remedial Action, the O&M, the Post-Remedy Institutional Controls Work, and the Post-Remedy Monitoring. In making such evaluations, EPA shall consider the information and projections contained in Settling Defendants' Quarterly Reports submitted under Paragraph 32 and any other information deemed relevant by EPA. If EPA determines that the total aggregated balance in the Escrow Account and the Disbursement Special Account is likely to be insufficient to fund the completion of the Response Work, after all other payments and reimbursements from the Accounts have been made as required under this Consent Decree, then EPA, in consultation with WDNR, may provide the Settling Defendants formal written notice of that determination (an "Insufficiency Determination") in the manner provided by Section XXVIII (Notices and Submissions).

b.    Timing.  EPA may make an Insufficiency Determination under this Paragraph: (i) at any time after the Response Agencies' approval of the Remedial Action Work Plan under Paragraph 14; but (ii) not after Certification of Completion of Remedial Action by EPA pursuant to Paragraph 44.b.

c.    Request for an Insufficiency Determination.  A Settling Defendant may request that EPA make an Insufficiency Determination under this Paragraph if: (i) the determination would be timely under Subparagraph 98.b; (ii) the total aggregated balance in the Escrow Account and the Disbursement Special Account is less than $6 million; and (iii) the Settling Defendant can demonstrate that the total aggregated balance in the Escrow Account and the Disbursement Special Account is likely to be insufficient to fund the completion of the Response Work, after all other payments and reimbursements from those two Accounts have been made as required under this Consent Decree. Any such request shall be made in writing,

85

shall include all information supporting the request, and shall be provided to all Parties as provided by Section XXVIII (Notices and Submissions).

   d. <u>Advance Notice</u>.  At least 30 days before issuing formal written notice of an Insufficiency Determination under this Paragraph, or within a longer time period agreed to in writing by the Parties, EPA shall send the Settling Defendants a written communication affording the Settling Defendants an opportunity, within that time period, to:  (i) provide EPA additional information relevant to whether the total aggregated balance in the Accounts is likely to be sufficient or insufficient; (ii) deposit additional funds in the Escrow Account, in order to avoid an Insufficiency Determination; and (iii) have informal negotiations to attempt to resolve any dispute.

   e. <u>Termination of Certain Consent Decree Rights and Obligations</u>.  As specified by this Subparagraph, certain rights and obligations of the Parties under this Consent Decree shall terminate if an Insufficiency Determination is not disputed pursuant to Subparagraph 98.f, or if a dispute under Subparagraph 98.f is resolved in EPA's favor.

   (1) For the purpose of this Subparagraph 98.e, the "Termination Date" shall be defined as:  (i) 10 days after an Insufficiency Determination, if the Insufficiency Determination is not disputed in accordance with Subparagraph 98.f; (ii) 10 days after the time expires for seeking appellate court review, if this Court resolves a dispute under Subparagraph 98.f in EPA's favor and if this Court's decision is not appealed; or (iii) 10 days after any final appellate court decision resolving a dispute under Subparagraph 98.f in EPA's favor.

   (2) Upon the Termination Date, the Settling Defendants' Consent Decree obligation to perform the Remedial Action under Paragraph 14 (OU1 Remedial Action) shall cease.

(3)     Upon the Termination Date, the Settling Defendants' Consent
Decree obligation to perform the response actions under Paragraph 18 (O&M and Post-Remedy
Institutional Controls) shall cease.

(4)     Upon the Termination Date, the Settling Defendants' Consent
Decree obligation to perform the response actions under Paragraph 19 (Periodic Remedy Review
and Post-Remedy Monitoring) shall cease.

(5)     Upon the Termination Date, the Consent Decree obligation to
reimburse Plaintiffs' Specified Future Response Costs under Paragraph 54 shall cease for costs
incurred after the Termination Date.

(6)     Upon the Termination Date, the covenants not to sue under
Paragraph 84 (United States' Covenant Not to Sue) and Paragraph 85 (State's Covenant Not To
Sue) shall cease to apply to Settling Defendants and shall terminate as to all OU1 Response
Activities and Costs.   Even after the Termination Date, the provisions of Paragraph 102 (Credit
for Payments Made and Work Performed) shall continue to apply.

(7)     Upon the Termination Date, the covenants not to sue under
Paragraph 92 (Settling Defendants' Covenant Not to Sue) shall cease to apply to OU1 Response
Activities and Costs after the Termination Date, such as:  (i) any response activities for OU1
performed or to be performed after the Termination Date; and (ii) any costs of response activities
for OU1 to the extent that such costs are incurred after the Termination Date.  Even after the
Termination Date, the covenants not to sue under Paragraph 92 (Settling Defendants' Covenant
Not to Sue) shall continue to apply to the EPA Past Cost Payments, the State Past Cost
Payments, the DOI Past Cost Payments, the NRD Commitment, and any OU1 Response
Activities and Costs before the Termination Date, such as:  (i) any response activities for OU1

87

performed before the Termination Date; any (ii) any costs of response activities for OU1 to the extent that such costs were incurred before after the Termination Date.

(8)     Upon the Termination Date, Paragraph 101 shall cease to apply to Settling Defendants and shall terminate, and the OU1 Response Activities and Costs shall not be considered "matters addressed" by this Consent Decree.

(9)     Settling Defendants specifically reserve any rights they may have to seek review of the remedial action selected in the ROD as authorized by CERCLA Section 113(h), 42 U.S.C. § 9613(h), at any time after the Termination Date, other than in an action brought by the United States or the State to enforce this Consent Decree.

f.     Insufficiency Determination Disputes.

(1)     Settling Defendants shall not be entitled to dispute – under Section XX (Dispute Resolution) or in any other forum or proceeding – EPA's failure to make an Insufficiency Determination or EPA's discretionary election to delay or defer issuance of formal written notice of an Insufficiency Determination.

(2)     Within 10 days after EPA's issuance of formal written notice of an Insufficiency Determination, the Settling Defendants may dispute the Insufficiency Determination in accordance with Paragraph 64 (Formal Dispute Resolution) and Paragraph 65 (record review).

(3)     Until a dispute under this Subparagraph 98.f is resolved, Settling Defendants shall continue to perform all Response Work required under this Consent Decree, specifically including all work to implement the Remedial Action under Paragraph 14, with the continuation of the Response Work being financed either by: (i) any funds remaining in the Disbursement Special Account or the Escrow Account; or (ii) any additional funds that Settling

88

Defendants may need to commit or provide under this Subparagraph, as necessary to finance the continuation of the Response Work.

99. Nothing in this Consent Decree shall be construed as limiting or precluding Plaintiffs' right to issue an administrative order or to institute a judicial proceeding relating to OU1 after the Termination Date, including but not limited any administrative order or judicial proceeding seeking continuation or completion of the Response Work after the Termination Date. Notwithstanding Paragraph F of Section I (Background), Settling Defendants hereby agree and covenant that the Plaintiffs shall not have to prove and that Settling Defendants shall not contest the following facts with respect to OU1 in response to any administrative order or in any judicial proceeding relating to OU1 after the Termination Date:

(i) Each Settling Defendant is a person who at the time of disposal of a hazardous substance owned or operated a facility from which such hazardous substances were disposed of, and from which there have been releases of hazardous substances which caused the incurrence of response costs for OU1; and

(ii) Each Settling Defendant is a person who by contract, agreement, or otherwise arranged for the disposal or treatment of hazardous substances owned or possessed by the Settling Defendant, by another party or entity, at a facility owned or operated by another party or entity and containing such hazardous substances, from which there have been releases of hazardous substances which caused the incurrence of response costs for OU1.

XXV. EFFECT OF SETTLEMENT AND CONTRIBUTION PROTECTION

100. Except as provided in Paragraph 95 (Waiver of Claims Against De Micromis Parties), nothing in this Consent Decree shall be construed to create any rights in, or grant any

cause of action to, any person not a Party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this decree may have under applicable law. Except as provided in Paragraph 95 (Waiver of Claims Against De Micromis Parties), each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

101. <u>Statutory Contribution Protection</u>. The Parties agree, and by entering this Consent Decree this Court finds, that the Settling Defendants are entitled, as of the Effective Date, to protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for matters addressed in this Consent Decree. Settling Defendants' Related Parties are also entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. For the purpose of this Paragraph 101, and except as provided by Subparagraph 98.e.(8), the "matters addressed" by this Consent Decree are the OU1 Response Activities and Costs.

102. <u>Credit for Payments Made and Work Performed</u>.

a. The Parties agree and acknowledge that the Plaintiffs shall recognize that the Settling Defendants are entitled to full credit, applied against their liabilities for response costs and natural resource damages at the Site, for: (i) the EPA Past Cost Payments, (ii) the State Past Cost Payments; (iii) the DOI Past Cost Payments; (iv) the NRD Commitment; (v) all Specified Future Response Costs reimbursed under Paragraph 54; (vi) all response costs incurred and paid by the Settling Defendants in performing the Remedial Design under the July 2003

AOC and this Consent Decree; and (vii) the Allowable RD/RA Costs paid or reimbursed from the Escrow Account under Paragraph 11 of this Consent Decree and Appendix C; provided, however, that the credit ultimately recognized shall take into account and shall not include the amount of any recoveries by Settling Defendants of any portion of such payments from other liable persons, such as through a recovery under Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613. With respect to the Allowable RD/RA Costs, the recognized credit shall take into account and shall not include the amount of any disbursements from the Disbursement Special Account to the Escrow Account pursuant to Paragraph 10 of this Consent Decree and Appendix B. With respect to the NRD Commitment, the recognized credit may take into account, as appropriate, the value of restoration projects funded by the NRD Commitment.

        b.      As provided by Paragraph 30 of the API/NCR Consent Decree, the Plaintiffs shall recognize that Appleton Papers Inc. and NCR Corporation are entitled to full credit, applied against their liabilities for response costs at the Site, for the funds deposited in and disbursed from the Disbursement Special Account pursuant to Paragraph 10 of this Consent Decree and Appendix B. In addition, the Settling Defendants hereby agree and acknowledge that they shall recognize that Appleton Papers Inc. and NCR Corporation are entitled to full credit, applied against their liabilities for response costs at the Site, for the funds deposited in and disbursed from the Disbursement Special Account pursuant to Paragraph 10 of this Consent Decree and Appendix B.

      103.    The Settling Defendants agree that with respect to any suit or claim for contribution brought by them for matters related to this Consent Decree they will notify the United States and the State in writing no later than 20 days prior to the initiation of such suit or claim.

104.    The Settling Defendants also agree that with respect to any suit or claim for contribution brought against them for matters related to this Consent Decree they will notify in writing the United States and the State within 20 days of service of the complaint on them.  In addition, Settling Defendants shall notify the United States and the State within 20 days of service or receipt of any Motion for Summary Judgment and within 20 days of receipt of any order from a court setting a case for trial.

105.    <u>Waiver of Claim-Splitting Defenses</u>.  In any subsequent administrative or judicial proceeding initiated by the United States or the State for injunctive relief, recovery of response costs, or other appropriate relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States or the State in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in Section XXII (Covenants Not to Sue by Plaintiffs).

## XXVI.  ACCESS TO INFORMATION

106.    Settling Defendants shall provide to the Response Agencies, upon request, copies of all documents and information within their possession or control or that of their contractors or agents relating to activities at OU1 or to the implementation of this Consent Decree, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information related to the Response Work.  Settling Defendants shall also make available to the Response Agencies, for purposes of investigation, information gathering, or testimony, their employees, agents, or

92

representatives with knowledge of relevant facts concerning the performance of the Response Work.

107. <u>Business Confidential and Privileged Documents</u>.

a.    Settling Defendants may assert business confidentiality claims covering part or all of the documents or information submitted to Plaintiffs under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b).  Documents or information determined to be confidential by EPA will be afforded the protection specified in 40 C.F.R. Part 2, Subpart B.  If no claim of confidentiality accompanies documents or information when they are submitted to EPA and the State, or if EPA has notified Settling Defendants that the documents or information are not confidential under the standards of Section 104(e)(7) of CERCLA, the public may be given access to such documents or information without further notice to Settling Defendants.

b.    The Settling Defendants may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If the Settling Defendants assert such a privilege in lieu of providing documents, they shall provide the Plaintiffs with the following:  (i) the title of the document, record, or information; (ii) the date of the document, record, or information; (iii) the name and title of the author of the document, record, or information; (iv) the name and title of each addressee and recipient; (v) a description of the contents of the document, record, or information: and (vi) the privilege asserted by Settling Defendants.  However, no documents, reports or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that they are privileged.

108.    No claim of confidentiality shall be made with respect to any data generated pursuant to the requirements of this Consent Decree, including, but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other documents or information evidencing conditions at or around the Site.

## XXVII. RETENTION OF RECORDS

109.    Until 10 years after the Settling Defendants' receipt of EPA's notification of Certification of Completion of the Response Work pursuant to Paragraph 45.b, each Settling Defendant shall preserve and retain all records and documents now in its possession or control or which come into its possession or control that relate in any manner to the performance of the Response Work or liability of any person for response actions conducted and to be conducted at the Site, regardless of any corporate retention policy to the contrary.  Until 10 years after the Settling Defendants' receipt of EPA's notification of Certification of Completion of the Response Work pursuant to Paragraph 45.b, Settling Defendants shall also instruct their contractors and agents to preserve all documents, records, and information of whatever kind, nature or description relating to the performance of the Response Work.  At any time more than 5 years after Certification of Completion of Remedial Action by EPA pursuant to Consent Decree Subparagraph 44.b, the Settling Defendants may request Plaintiffs' assent to terminate the document retention period earlier for specified categories of records and documents.  If Plaintiffs assent to any such request, the Plaintiffs assent shall be given in writing.

110.    At the conclusion of this document retention period, Settling Defendants shall notify the United States and the State at least 90 days prior to the destruction of any such records or documents, and, upon request by the United States or the State, Settling Defendants shall deliver any such records or documents to EPA or WDNR.  The Settling Defendants may assert

94

that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If the Settling Defendants assert such a privilege, they shall provide the Plaintiffs with the following: (i) the title of the document, record, or information; (ii) the date of the document, record, or information; (iii) the name and title of the author of the document, record, or information; (iv) the name and title of each addressee and recipient; (v) a description of the subject of the document, record, or information; and (vi) the privilege asserted by Settling Defendants. However, no documents, reports or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that they are privileged.

111.    Each Settling Defendant hereby certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information relating to its potential liability regarding the Site since notification of potential liability by the United States or the State or the filing of suit against it regarding the Site and that it has fully complied with any and all requests for information pursuant to Section 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

## XXVIII. NOTICES AND SUBMISSIONS

112.    Whenever, under the terms of this Consent Decree, written notice is required to be given or a report or other document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. All notices and submissions shall be considered effective upon receipt, unless otherwise provided. Written notice as specified

herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, the State, and the Settling Defendants, respectively.

As to the United States:

    As to DOJ:

    Chief, Environmental Enforcement Section
    Environment and Natural Resources Division
    U.S. Department of Justice (DJ # 90-11-2-1045Z)

    P.O. Box 7611                1425 New York Avenue, NW – 13th Floor
    Washington, D.C. 20044-7611   Washington, DC 20005

    As to EPA:

    Director, Superfund Division
    U.S. Environmental Protection Agency
    Region 5
    77 West Jackson Blvd.
    Chicago, IL 60604

    As to DOI:

    Office of the Solicitor
    Division of Parks and Wildlife
    U.S. Department of the Interior
    1849 C Street, N.W.
    Washington, DC 20240

As to the State:

    As to WDOJ:

    Jerry L. Hancock
    Assistant Attorney General
    Wisconsin Department of Justice

    P.O. Box 7857              17 West Main Street
    Madison, WI 53707-7857    Madison, WI 53702

<u>As to WDNR</u>:

Greg Hill
State Project Coordinator
Wisconsin Department of Natural Resources

P.O. Box 7921                          101 S. Webster St.
Madison, WI  53707-7921                Madison, WI   53703

<u>As to the Settling Defendants</u>:

    <u>As to the P. H. Glatfelter Company</u>

    Patrick H. Zaepfel
    Environmental Counsel
    P. H. Glatfelter Company
    96 South George St., Suite 420
    York, PA 17401

    with a copy to:

    David G. Mandelbaum
    Ballard Spahr Andrews & Ingersoll, LLP
    1735 Market Street, 51st Floor
    Philadelphia, PA  19103-7599

    <u>As to WTM I Company</u>:

    J.P. Causey Jr.
    Vice President & Corporate Secretary/WTM I Company
    c/o Chesapeake Corporation
    1021 E. Cary Street
    Box 2350
    Richmond, VA 23218-2350

    with a copy to:

    Nancy K. Peterson
    Quarles & Brady LLP
    411 East Wisconsin Avenue, Suite 2040
    Milwaukee, Wisconsin 53202-4497

## XXIX. EFFECTIVE DATE

113.     The effective date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court; provided, however, that the Settling Defendants hereby agree that they shall be bound upon the Date of Lodging to comply with obligations of the Settling Defendants specified in this Consent Decree as accruing upon the Date of Lodging.  In the event the Plaintiffs withdraw or withhold consent to this Consent Decree before entry, or the Court declines to enter the Consent Decree, then the preceding requirement to comply with requirements of this Consent Decree upon the Date of Lodging shall terminate; provided, however, that the parties hereby agree that even after any such termination:  (i) the Plaintiffs shall be entitled to retain any and all payments already made to Plaintiffs under this agreement, and the provisions of Section XVII (Payments) concerning Plaintiffs' retention and use of such payments shall survive termination; and (ii) Plaintiffs shall continue to recognize that the Settling Defendants are entitled to full credit for payments already made and work already performed under this agreement as provided by Subparagraph 102.a.  In the event the Plaintiffs withdraw or withhold consent to this Consent Decree before entry, or the Court declines to enter the Consent Decree, the Parties agree that the unexpended balance of the Escrow Account shall be disbursed to the Settling Defendants at their request.

## XXX. RETENTION OF JURISDICTION

114.     This Court retains jurisdiction over both the subject matter of this Consent Decree and the Settling Defendants for the duration of the performance of the terms and provisions of this Consent Decree for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the

construction or modification of this Consent Decree, or to effectuate or enforce compliance with its terms, or to resolve disputes in accordance with Section XX (Dispute Resolution) hereof.

## XXXI.  APPENDICES

115.    The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is the Trustee Council Resolution relating to this Consent Decree.

"Appendix B" is the Appendix addressing Management of the Disbursement Special Account.

"Appendix C" is the Appendix addressing Escrow Account Management.

"Appendix D" is the form of Escrow Agreement.

"Appendix E" is the Appendix addressing Special Procedures for Restoration Work.

"Appendix F" is the July 2003 AOC (including the SOW for Remedial Design).

"Appendix G" is the map of OU1.

"Appendix H" is the ROD.

"Appendix I" is the Statement of Work for the Remedial Action.

## XXXII.  COMMUNITY RELATIONS

116.    Settling Defendants shall propose to the Response Agencies the Settling Defendants' participation in the community relations plan to be developed by the Response Agencies.  The Response Agencies will determine the appropriate role for the Settling Defendants under the Plan.  Settling Defendants shall also cooperate with the Response Agencies in providing information regarding the Response Work to the public.  As requested by the Response Agencies, Settling Defendants shall participate in the preparation of such information

for dissemination to the public and in public meetings which may be held or sponsored by the Response Agencies to explain activities at or relating to OU1.

## XXXIII. MODIFICATION

117. Schedules specified in this Consent Decree for completion of the Response Work may be modified by agreement of the Response Agencies and the Settling Defendants. All such modifications shall be made in writing.

118. Except as provided in Paragraph 15 ("Modification of the SOW or related Work Plans"), no material modifications shall be made to the SOW without written notification to and written approval of the United States, the State, Settling Defendants, and the Court. Modifications to the SOW that do not materially alter that document may be made by written agreement between the Response Agencies and the Settling Defendants.

119. Nothing in this Decree shall be deemed to alter the Court's power to enforce, supervise or approve modifications to this Consent Decree.

## XXXIV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

120. This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment in accordance with Section 122(d)(2) of CERCLA, 42 U.S.C. § 9622(d)(2), and 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

121. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XXXV. SIGNATORIES/SERVICE

122.     The undersigned representatives of each Settling Defendant, the undersigned representatives of the State, and the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice each certify that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

123.     Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the United States has notified the Settling Defendants in writing that it no longer supports entry of the Consent Decree.

124.     Each Settling Defendant shall identify, on the attached signature page, the name, address and telephone number of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons.

101

## XXXVI. FINAL JUDGMENT

125.    Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the United States, the State, and the Settling Defendants.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.


SO ORDERED THIS __ DAY OF _____, 200__.


_____

United States District Judge

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States and the State of Wisconsin v. P. H. Glatfelter Company and WTM I Company</u> (E.D. Wis.), relating to Operable Unit 1 of the Lower Fox River and Green Bay Site.

FOR THE UNITED STATES OF AMERICA

9.5.03
Date

THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530

9/5/2003
Date

RANDALL M. STONE, Trial Attorney
JEFFREY A. SPECTOR, Trial Attorney
DANIEL C. BECKHARD, Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611

STEVEN M. BISKUPIC
United States Attorney

MATTHEW V. RICHMOND
Assistant United States Attorney
Eastern District of Wisconsin
U.S. Courthouse and Federal Building
Room 530
517 E. Wisconsin Avenue
Milwaukee, WI 53202

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States and the State of Wisconsin v. P. H. Glatfelter Company and WTM I Company</u> (E.D. Wis.), relating to Operable Unit 1 of the Lower Fox River and Green Bay Site.


9/5/03
Date

_for_ [signature]

THOMAS V. SKINNER
Regional Administrator
U.S. Environmental Protection Agency
Region 5
77 West Jackson Boulevard
Chicago, IL   60604


9/02/03
Date

[signature]

ROGER M. GRIMES
Associate Regional Counsel
U.S. Environmental Protection Agency
Region 5
77 West Jackson Boulevard
Chicago, IL   60604

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States and the State of Wisconsin v. P. H. Glatfelter Company and WTM I Company</u> (E.D. Wis.), relating to Operable Unit 1 of the Lower Fox River and Green Bay Site.

**FOR THE STATE OF WISCONSIN**

9|2|03
Date

P. SCOTT HASSETT
Secretary
Wisconsin Department of Natural Resources
101 South Webster Street
Madison, WI 53703

9/3/03
Date

JERRY L. HANCOCK
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
Madison, WI 53702

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States and the State of Wisconsin v. P. H. Glatfelter Company and WTM I Company</u> (E.D. Wis.), relating to Operable Unit 1 of the Lower Fox River and Green Bay Site.

### FOR P. H. GLATFELTER COMPANY

08/26/03
Date

Signature: _George H. Glatfelter II_

Name (print): George H. Glatfelter II
Title: Chairman & C.E.O.
Address: 96 S. George St., Suite 500
York, PA 17401

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): Patrick H. Zaepfel
Title: Environmental Counsel
Address: 96 South George St., Suite 420
York, PA 17401

Ph. Number: (717) 225-2778

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States and the State of Wisconsin v. P. H. Glatfelter Company and WTM I Company</u> (E.D. Wis.), relating to Operable Unit 1 of the Lower Fox River and Green Bay Site.

**FOR WTM I COMPANY**

August 26 , 2003

Date

Signature: _____

Name (print): J.P. Causey Jr.

Title: Vice President

Address: 1021 East Cary St., 22d Floor
Box 2350
Richmond, Virginia 23218


Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): J.P. Causey Jr.

Title: Vice President

Address: c/o Chesapeake Corporation
1021 East Cary Street, 22d Floor
Box 2350, Richmond, VA 23218

Ph. Number: 804 697-1166

CONSENT DECREE APPENDICES A-I
HAVE BEEN FILED WITH THE COURT AND SERVED ON THE PARTIES IN
PAPER COPY FORMAT IN ACCORDANCE WITH THE COURT'S
SEPTEMBER 29, 2003 ELECTRONIC CASE FILING PROCEDURAL ORDER