UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF WISCONSIN<br><br>Plaintiffs,<br><br>v.<br><br>P. H. GLATFELTER COMPANY and WTM I COMPANY (f/k/a Wisconsin Tissue Mills Inc.),<br><br>Defendants. | CIVIL ACTION NO. 03-C-0949<br><br>The Honorable Lynn Adelman |

**PLAINTIFFS' JOINT MOTION TO ENTER
"CONSENT DECREE FOR REMEDIAL DESIGN AND REMEDIAL ACTION AT
OPERABLE UNIT 1 OF THE LOWER FOX RIVER AND GREEN BAY SITE"**

The United States of America (the "United States") and the State of Wisconsin (the "State") (collectively the "Plaintiffs") hereby move the Court to approve and enter the pending proposed "Consent Decree for Remedial Design and Remedial Action at Operable Unit 1 of the Lower Fox River and Green Bay Site." The Defendants – WTM I Company and P. H. Glatfelter Company – have informed the Plaintiffs that they also support the Motion to Enter the Consent Decree. The basis for this Motion is set forth in detail in the Plaintiffs' Joint Brief in support of the Motion.

1. If approved by the Court, the Consent Decree would conclude this case and would require the Defendants to begin sediment remediation work in the portion of the Lower Fox River and Green Bay Site (the "Site") designated as Operable Unit 1 ("OU 1").

2. The Site includes areas of the Lower Fox River and the Bay of Green Bay that

have been impacted by polychlorinated biphenyls ("PCBs") released from paper production facilities and paper coating facilities located in the Fox River Valley. The PCBs were the solvent in an emulsion used to produce "carbonless" copy paper from at least the 1950s to the early 1970s. PCBs were released to the River both in the production of carbonless paper at certain Fox River Valley facilities, and in the reprocessing of carbonless waste paper at other facilities in the Valley. The Plaintiffs' Complaint in this case alleges that the Defendants are among the parties legally responsible for PCB contamination at OU 1 at the Site under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675.

3. Under the proposed settlement set forth in the Consent Decree, the Defendants would implement the cleanup remedy for OU 1 that was selected in a December 2002 Record of Decision issued jointly by the U.S. Environmental Protection Agency ("EPA") and the Wisconsin Department of Natural Resources ("WDNR"). The Defendants would pay for that remedial action work using a specially-dedicated fund to be established by the companies. That fund would ultimately hold more than $60 million, including $50 million from the Defendants, an additional $10 million available under a prior interim settlement with Appleton Papers Inc. and NCR Corporation, and all interest earned on the money placed in the fund. If that dedicated fund is not sufficient to finance the completion of the work, the Consent Decree reserves the Plaintiffs' rights to require the Defendants to perform or pay for the continuation and completion of the work. The settlement would <u>not</u> resolve Defendants' potential liability for response activities or response costs relating to areas of the Site other than OU 1.

4. The proposed Consent Decree also would require the Defendants to pay

- 2 -

Case 2:03-cv-00949-LA    Filed 03/08/04    Page 2 of 10    Document 12

$3,000,000 for natural resource damages and $1,050,000 as partial reimbursement of past costs incurred by EPA, WDNR, and the U.S. Department of the Interior. Even so, the Consent Decree would not resolve Defendants' potential liability for payment of additional natural resource damages or for additional unreimbursed past costs incurred by the Plaintiffs.

5. In accordance with CERCLA Section 122(d)(2), 42 U.S.C. § 9622(d)(2), the U.S. Department of Justice published notice of the lodging of the proposed Consent Decree in the Federal Register to commence a thirty (30)-day public comment period. Sixteen comments were received. Copies of those comments are reproduced in the accompanying "Appendix of Public Comments on Consent Decree for Remedial Design and Remedial Action at Operable Unit 1 of the Lower Fox River and Green Bay Site."

6. The Plaintiffs have completed their review of the public comments and have determined that nothing in the comments would justify withdrawal of their consent to the Consent Decree or change their belief that the Decree is fair, reasonable, and consistent with CERCLA. Plaintiffs' Joint Brief in support of this Motion explains the basis for that conclusion, provides the Court a detailed justification for the Decree, and responds to the major issues raised by the public comments on the Decree.

7. Since the Consent Decree was lodged with the Court, the Plaintiffs and the Defendants have identified two minor changes to the Decree that should be made before the Court acts on this Motion. One change is to language in Subparagraph 9.a.(8) (on page 16) and the other change is to language in Subparagraph 14.b (on page 22). Those language changes would clarify that the Defendants – with approval from EPA and WDNR – may begin performing some preparatory work for the remedial action at OU1 even before the Effective

- 3 -

Case 2:03-cv-00949-LA    Filed 03/08/04    Page 3 of 10    Document 12

Date of the Consent Decree. Replacement pages incorporating those minor changes are attached hereto as Exhibit A. Counsel for the Defendants have informed the undersigned counsel that the Defendants consent to having the attached replacement pages substituted into the proposed Decree. This Motion therefore requests that the Court approve and enter the Consent Decree in that slightly modified form.

For the foregoing reasons, and the reasons set forth in the Plaintiffs' Joint Brief in support of this Motion, the Plaintiffs respectfully request that the Court approve and enter the Consent Decree.

                                                              Respectfully submitted,

For the United States of America

THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources Division

Date: March 8, 2004               S/ Randall M. Stone
                                                 RANDALL M. STONE, Trial Attorney
                                                 JEFFREY A. SPECTOR, Trial Attorney
                                                 Environmental Enforcement Section
                                                 Environment and Natural Resources Division
                                                 U.S. Department of Justice
                                                 P.O. Box 7611
                                                 Washington, DC  20044-7611
                                                 Phone:       (202) 514-1308
                                                 Facsimile:   (202) 616-6584
                                                 E-Mail:      RANDALL.STONE@USDOJ.GOV

STEVEN M. BISKUPIC
United States Attorney

MATTHEW V. RICHMOND
Assistant United States Attorney
Eastern District of Wisconsin
U.S. Courthouse and Federal Building - Room 530
517 E. Wisconsin Avenue
Milwaukee, WI   53202

For the State of Wisconsin

Jerry L. Hancock
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
Madison, WI 53702
(608) 266-1221

**Exhibit A to Motion to Enter**

**Proposed Consent Decree Replacement Pages 16 and 22**

(3) any other payments made by Settling Defendants to the Plaintiffs pursuant to this Consent Decree, including, but not limited to: (i) any direct payments to Plaintiffs under Section XVII; and (ii) any interest, stipulated penalties, or stipulated damages paid pursuant to Section XXI;

(4) attorneys' fees and costs;

(5) costs of any response activities Settling Defendants perform that are not required under, or approved by the Response Agencies pursuant to this Consent Decree;

(6) costs related to Settling Defendants' litigation, settlement, development of potential contribution claims or identification of defendants;

(7) internal costs of Settling Defendants, including but not limited to, salaries, travel, or in-kind services, except for those costs that represent the work of employees of Settling Defendants directly performing the Remedial Design or the Remedial Action;

(8) any costs incurred by Settling Defendants prior to the Effective Date, except for: (i) Remedial Design or Remedial Action work approved by the Response Agencies; or (ii) other costs of Response Work required by this Consent Decree after the Date of Lodging; or

(9) any costs incurred by Settling Defendants pursuant to Section XX (Dispute Resolution).

b. <u>Allowable Restoration Work Costs</u>. Solely for the purpose of this Consent Decree, the term "Allowable Restoration Costs" is defined as necessary restoration costs incurred and paid by Settling Defendants for Approved Restoration Work (as defined by Paragraph 48),

16

(2) To the extent such funds are available in the Escrow Account and not earmarked or disbursed for other purposes under this Consent Decree, the Settling Defendants shall be entitled to seek disbursements from the Escrow Account for payment or reimbursement of Allowable RD/RA Costs.

b. Within 90 days after the approval of the Final Design submittal described by the Statement of Work appended to the July 2003 AOC, but no earlier than 30 days after the Effective Date, the Settling Defendants shall submit to the Response Agencies a work plan for the performance of the Remedial Action (the "Remedial Action Work Plan"). The Remedial Action Work Plan shall provide for construction and implementation of the remedy set forth in the ROD such that the Performance Standards will be achieved, in accordance with this Consent Decree, the ROD, the SOW, and the design plans and specifications developed by Settling Defendant WTM I Company under Paragraph 12 and approved by the Response Agencies. Upon its approval by the Response Agencies, the Remedial Action Work Plan shall be incorporated into and become enforceable under this Consent Decree.

c. The Remedial Action Work Plan shall include the following: (i) an updated schedule for implementing all Remedial Action tasks identified in the final design submittal, incorporating any refinements to the Final Project Schedule submitted under the July 2003 AOC and Paragraph 12; (ii) any refinements to the Final Health and Safety Plan, the Final Contingency Plan, the Final Sediment Removal Verification Plan, and the Capital and Operation and Maintenance Cost Estimate submitted under the July 2003 AOC and Paragraph 12; (iii) a Final Construction Quality Assurance Project Plan; (iv) an Institutional Controls Plan; (v) a Final Operation and Maintenance Plan (including a plan for Long Term Monitoring); (vi) a schedule for submitting any other Remedial Action Plans; and (vii) the initial formulation of the Settling

22

# CERTIFICATE OF SERVICE

I hereby certify that, on this date, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

William H. Harbeck – Counsel for Defendant WTM I Company
David G. Mandelbaum – Counsel for Defendant P. H. Glatfelter Company
Matthew V. Richmond – Counsel for the United States

In addition, I hereby certify that the foregoing was mailed on this date by first-class mail, postage prepaid, to the following non-ECF participants:

Nancy K. Peterson
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2040
Milwaukee, WI 53202-4497

J.P. Causey Jr.
Vice President & Corporate Secretary
WTM I Company
c/o Chesapeake Corporation
1021 E. Cary Street - Box 2350
Richmond, VA 23218-2350

Patrick H. Zaepfel
Environmental Counsel
Glatfelter
96 South George Street, Suite 500
York, PA 17401

Jerry L. Hancock
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857

Peggy Schneider
Oneida Law Office
P.O. Box 109
Oneida, WI 54155

Mercedes Swimmer
Program Attorney
Menominee Tribal Offices
P.O. Box 910
Keshena, WI 54135

John Carlucci
Office of the Solicitor
U.S. Department of the Interior
1849 C Street N.W. - Rm 6553
Washington, DC 20240

Peter Felitti
Associate Regional Counsel (C-14J)
U.S. Environmental Protection Agency
77 W. Jackson Blvd.
Chicago, IL 60604

Douglas P. Dixon
U.S. Environmental Protection Agency
Ariel Rios Building - Mail Code 2272A
1200 Pennsylvania Avenue, N. W.
Washington, DC 20460

Marguerite Matera
Office of General Counsel
National Oceanic and Atmospheric Administration
1 Blackburn Drive – Suite 205
Gloucester, MA 01930

Kathleen L. Cavanaugh
Assistant Attorney General
5th Floor, South Tower
Constitution Hall
525 West Allegan Street
Lansing, MI 48933

Dated: <u>March 8, 2004</u>  S/ Randall M. Stone
Counsel for the United States