EXHIBIT B

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
A Pennsylvania Limited Liability Partnership
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

Attorneys for Defendant,
P.H. Glatfelter Company

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF WISCONSIN, | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO. 03-c-0949 |
| P. H. GLATFELTER COMPANY and WTM I COMPANY (f/k/a Wisconsin Tissue Mills Inc.), | : The Honorable Lynn Adelman |
| Defendants. | : |

## DEFENDANT P.H. GLATFELTER COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant P.H. Glatfelter Company ("Glatfelter"), by way of answer to the Complaint filed by Plaintiffs United States of America and the State of Wisconsin (collectively, "Plaintiffs") responds as follows:

1. On April 12, 2004, this Court approved the Consent Decree for Remedial Design and Remedial Action at Operable Unit 1 of the Lower Fox River and Green Bay Site ("the Consent Decree"), entered into by Plaintiffs and Defendants Glatfelter and WTM I Company (collectively, "Defendants"). The Consent Decree resolved Plaintiffs allegations pertaining to (1) unreimbursed response activities relating to the segment of the Lower Fox River designated as Operable Unit 1 ("OU1") of the Site (Little Lake Butte des Morts), consisting of costs of

performing and/or overseeing OU1 remedial design work since July 1, 2003 pursuant to an Administrative Order on Consent captioned <u>In the Matter of the Lower Fox River and the Green Bay Site</u>, EPA Docket No. V-W-'03-C-745; and (2) a declaratory judgment, pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), declaring that Defendants are liable for any future response costs that the Plaintiffs may incur in connection with response actions that may be performed for OU1. Accordingly, these allegations are no longer relevant. As to Operable Units 2 through 5 ("OUs 2 through 5"), these allegations are denied. To the extent that any remaining allegations in Paragraph 1 constitute conclusions of law, no response is required. To the extent that any remaining allegations contain or constitute allegations of fact, Glatfelter is without knowledge or information sufficient to form a belief as to the truth of those allegations.

2. The allegations of this paragraph constitute conclusions of law to which no response is required.

3. The allegations of this paragraph constitute conclusions of law to which no response is required.

## **GENERAL ALLEGATIONS**

4. The allegations of this paragraph constitute conclusions of law to which no response is required.

5. The allegations of this paragraph constitute conclusions of law to which no response is required.

6. The allegations in this paragraph are directed at parties other than answering defendant and, therefore, no response is required.

7. The allegations in this paragraph constitute conclusions of law to which no response is required.

8. The allegations in this paragraph constitute conclusions of law to which no response is required.

9. To the extent that the allegations of this paragraph have been settled pursuant to the Consent Decree, these allegations are no longer relevant and do not require a response. The remaining allegations of this paragraph constitute conclusions of law to which no response is required.

10. To the extent that the allegations in this paragraph refer to a document, Glatfelter neither admits nor denies these allegations because the document referred to therein speaks for itself. To the extent that the allegations constitute allegations of fact, Glatfelter is without knowledge or information sufficient to form a belief as to the truth of those allegations. Glatfelter further denies that Plaintiffs have incurred "response costs" relating to the operable units designated as OUs 2 through 5 in responding to releases and threatened releases of hazardous substances from defendants' paper mills or into the environment at or from OU-1.

11. The allegations in this paragraph constitute conclusions of law to which no response is required.

12. To the extent that the allegations of this paragraph have been settled pursuant to the Consent Decree, these allegations are no longer relevant and do not require a response. The remaining allegations of this paragraph constitute conclusions of law to which no response is required.

DMEAST #9895556 v2         3
Case 2:03-cv-00949-LA    Filed 11/20/07    Page 4 of 12    Document 28-4

13. The allegations in this paragraph are directed at parties other than answering defendant and, therefore, no response is required.

## FIRST CLAIM FOR RELIEF
(Cost Recovery by the United States Under CERCLA Section 107, 42 U.S.C. § 9607)

14. Glatfelter repeats its responses to the allegations of paragraphs one through thirteen of the Complaint as if the same were set forth at length herein.

15. To the extent that the allegations of this paragraph have been settled pursuant to the Consent Decree, these allegations are no longer relevant and do not require a response. The remaining allegations of this paragraph constitute conclusions of law to which no response is required.

## SECOND CLAIM FOR RELIEF
(Cost Recovery by the State Under CERCLA Section 107, 42 U.S.C. § 9607)

16. Glatfelter repeats its responses to the allegations of paragraphs one through thirteen of the Complaint as if the same were set forth at length herein.

17. To the extent that the allegations of this paragraph have been settled pursuant to the Consent Decree, these allegations are no longer relevant and do not require a response. The remaining allegations of this paragraph constitute conclusions of law to which no response is required.

## THIRD CLAIM FOR RELIEF
(Injunctive Relief Under CERCLA Section 106, 42 U.S.C. § 9606)

18. Glatfelter repeats its responses to the allegations of paragraphs one through thirteen of the Complaint as if the same were set forth at length herein.

19. Glatfelter admits that the United States Environmental Protection Agency ("EPA") has stated that it has determined that there is or may be an imminent and substantial endangerment to the public health or welfare of the environment because of actual or threatened releases of hazardous substances into the environment at and from OU1. The allegations of this paragraph pertaining to actual or threatened releases at OU1 have been resolved by the Consent Decree. Glatfelter denies that there is or may be an imminent or substantial endangerment to the areas designated as OUs 2 through 5 on account of hazardous substances released into and emanating from OU1.

20. Denied.

**WHEREFORE,** Glatfelter demands judgment against Plaintiffs:

A. Dismissing that portion of Plaintiffs' Complaint not settled by the Consent Decree;

B. Awarding Glatfelter its attorneys fees and costs of suit; and

C. Awarding Glatfelter such other and further relief as the Court deems equitable and just.

## AFFIRMATIVE SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiffs' remaining claims are barred in whole or in part because no portion of any harm from any actual or threatened release of hazardous substances into the environment to the areas designated as OUs 2 through 5 is attributable to releases from OU1. Therefore, a reasonable basis exists to apportion liability among those parties responsible only for discharges of

hazardous substances into OU1 and those responsible for discharges at other locations. Because Glatfelter only discharged into OU1, there is a reasonable basis upon which to divide any harm downstream of OU1, and each person is subject to liability only for the portion of the total harm that it has itself caused.

## SECOND SEPARATE DEFENSE

Plaintiffs' claims for work downstream of OU1 are barred in whole or in part because the remedy selected by the Plaintiffs in the Record of Decision for Operable Unit 1 and Operable Unit 2 at the Site, dated December 20, 2002, and the Record of Decision for Operable Unit 3, Operable Unit 4, and Operable Unit 5 at the Site, dated June 30, 2003, both as amended by the Record of Decision Amendment dated June 27, 2007, for work downstream of OU1, were arbitrary and capricious and not in accordance with law and specifically inconsistent with the National Contingency Plan.

## THIRD SEPARATE DEFENSE

Plaintiffs have failed to comply with the requirements of the National Contingency Plan, and therefore cannot be reimbursed for the expenses that they may have incurred or may later incur.

## FOURTH SEPARATE DEFENSE

The claims set forth in Plaintiffs' Complaint fail to state a claim upon which relief may be granted.

## FIFTH SEPARATE DEFENSE

Plaintiffs' claims, to the extent they are equitable in nature, are barred in whole or in part by the doctrine of unclean hands. Any damages which may be due and owing to Plaintiffs are

the sole result of Plaintiffs' negligence, the negligence of the other named Defendants, or other wrongdoing.

## SIXTH SEPARATE DEFENSE

The claims set forth in Plaintiffs' Complaint are barred in whole or in part by the applicable statute of limitations.

## SEVENTH SEPARATE DEFENSE

The claims set forth in Plaintiffs' Complaint are barred in whole or in part by the doctrine of laches.

## EIGHTH SEPARATE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of res judicata and/or the doctrine of collateral estoppel.

## NINTH SEPARATE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of regulatory estoppel.

## TENTH SEPARATE DEFENSE

Without admitting any liability, Glatfelter asserts that any discharge of hazardous substances, pollutants, contaminants or harm resulting therefrom as alleged in Plaintiffs' Complaint, is the result of superseding, intervening acts or omissions of third parties over whom Glatfelter had no control.

## ELEVENTH SEPARATE DEFENSE

As to OUs 2 through 5, Plaintiffs' claims are barred in whole or in part because Glatfelter did not generate, transport, or dispose of any hazardous substance or waste within the scope or contemplation of the environmental laws or regulations relied upon by Plaintiffs in their Complaint.

## TWELFTH SEPARATE DEFENSE

Plaintiffs' claims are barred in whole or in part because at all relevant times Glatfelter conducted itself in full compliance with all applicable federal, state, and local laws, statutes, regulations, and ordinances with regard to the disposal of waste.

## THIRTEENTH SEPARATE DEFENSE

In the event that Glatfelter is held liable to Plaintiffs, all such liability being expressly denied, then liability should be held on a proportional basis taking into account the contributions of all other parties, including Plaintiffs, the other named Defendant, and all other persons and entities in any way responsible for conditions at the Site.

## FOURTEENTH SEPARATE DEFENSE

Glatfelter incorporates by reference any and all separate and/or additional separate defenses asserted by the other defendant herein.

*s/ David G. Mandelbaum*
David G. Mandelbaum
Harry Weiss*
Marc E. Davies*
Ronald M. Varnum*
Jennifer E. Simon*
BALLARD SPAHR ANDREWS &
INGERSOLL, LLP
A Pennsylvania Limited Liability Partnership
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Tel. 215-665-8500

Attorneys for Defendant,
P.H. Glatfelter Company

Dated: November 20, 2007

Of Counsel:

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500
(215) 864-8102 (Mr. Mandelbaum direct)
(215) 864-9761 (facsimile)
mandelbaum@ballardspahr.com
weiss@ballardspahr.com
davies@ballardspahr.com
varnumr@ballardspahr.com
simonj@ballardspahr.com

*Applications for admission are pending for Messrs. Weiss, Davies and Varnum and Ms. Simon. Each is admitted to practice before the courts of the Commonwealth of Pennsylvania and the United States District Court for the Eastern District of Pennsylvania.

# CERTIFICATE OF SERVICE

I hereby certify that, on this 20th day of November, 2007, a true and correct copy of the foregoing Defendant P.H. Glatfelter Company's Answer to Plaintiffs' Complaint was filed electronically via the Electronic Court Filing system and is available for viewing and downloading. In addition, a true and correct copy was served via first-class mail, postage prepaid, upon the following:

Matthew V. Richmond, Esquire
United States Department of Justice (ED-WI)
Office of the US Attorney
517 E. Wisconsin Avenue
Room 530
Milwaukee, WI 53202

Randall M. Stone, Esquire
United States Department of Justice (DC)
Environment & Natural Resources Division
P. O. Box 7611
Washington, DC 20044

Jerry L. Hancock, Esquire
Wisconsin Department of Justice
Office of the Attorney General
17 W. Main Street
P. O. Box 7857
Madison, WI 53707-7857

William H. Harbeck, Esquire
Quarles & Brady, LLP
411 E. Wisconsin Avenue
Suite 2040
Milwaukee, WI 53202-4497

Daniel C. Beckhard, Esquire
United States Department of Justice (DC)
Environment & Natural Resources Division
P.O. Box 7611
Washington, DC 20044

Jeffrey A. Spector, Esquire
United States Department of Justice (DC)
Environment & Natural Resources Division
P.O. Box 7611
Washington, DC 20044

Thomas L. Sansonetti, Esquire
United States Department of Justice (DC)
Environment & Natural Resources Division
P.O. Box 7611
Washington, DC 20044

                                        *s/ David G. Mandelbaum*
                                        David G. Mandelbaum
                                        Harry Weiss
                                        Marc E. Davies
                                        Jennifer E. Simon
                                        Ronald M. Varnum
                                        BALLARD SPAHR ANDREWS &
                                        INGERSOLL, LLP
                                        A Pennsylvania Limited Liability Partnership
                                        1735 Market Street, 51st Floor
                                        Philadelphia, Pennsylvania 19103
                                        Tel. 215-665-8500

                                        Attorneys for Defendant,
                                        P.H. Glatfelter Company

Dated: November 20, 2007