UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA
and the STATE OF WISCONSIN,

    Plaintiffs,

    v.

P.H. GLATFELTER COMPANY
and
WTM I COMPANY
(f/k/a Wisconsin Tissue Mills Inc.),

    Defendants.

CIVIL ACTION NO. 03-C-0949

The Honorable Lynn Adelman

_____

## WTM I'S RESPONSE TO GLATFELTER'S
## MOTION FOR A CASE MANAGEMENT ORDER

_____

WTM I Company ("WTM), by its attorneys, responds as follows to Glatfelter's Motion for a Case Management Order.

Glatfelter seeks entry of a Case Management Order to allow it to litigate its divisibility defense to the claim that it has liability for remediating Operable Units 2 through 5 of the Lower Fox River, which are downstream from Operable Unit 1 ("OU1") where the Glatfelter facility is located. WTM does not oppose Glatfelter's request on the condition that any such case management order is limited in scope to Glatfelter, i.e., that WTM is not subject to the order's requirements.

In its current state, the draft order is framed as imposing obligations on "defendants" which would include WTM. Included within the order's provisions are deadlines for filing answers to the complaint, Rule 26(a)(1) disclosures, participating in discovery, designation of experts and submission of expert reports, and filing of dispositive motions. WTM does not

wish to stand in Glatfelter's way with respect to Glatfelter's desire to have its day in court on the limited issue as to whether it is liable for response actions downstream from OU1.[1] However, given the present posture of this matter, including remediation activities that WTM continues to undertake in OU1, the recent issuance of the 106 Order by US EPA with respect to OUs2-5 and its attendant requirements, and the uncertainty regarding the cost of the OU2-5 remediation, WTM does not feel that it would be a prudent use of its resources at this juncture to devote the time and effort that would be necessary to pursue "liability" defenses that it may have on its own behalf.

Should the Court be inclined to grant Glatfelter's request, WTM submits that the case management order should be modified to make clear that its requirements only apply to the plaintiffs and to Glatfelter (as defendant). Any such order should further make clear that WTM itself would not be subject to discovery that any party may wish to undertake relating to the issues which are the subject of the order.

If, however, the Court is inclined to grant Glatfelter's motion but not exclude WTM from the Order's scope and application, WTM requests the opportunity to provide input into the content of the order and any deadlines to be included.

Dated: December 14, 2007.

        s/William H. Harbeck
        William H. Harbeck (#1007004)
        Attorneys for Defendant WTM I Company
        Quarles & Brady LLP
        411 East Wisconsin Avenue, Suite 2040
        Milwaukee, WI 53202-4497
        Telephone: (414) 277-5853
        E-mail: whh@quarles.com

---

[1] WTM does not understand Glatfelter's motion as seeking a determination as to Glatfelter's allocable share, if it were found to be liable. This would inevitably open up the doors to lengthy, full blown allocation litigation necessarily involving the downstream, OU2-5 parties.