UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA
and the STATE OF WISCONSIN

        Plaintiffs,

    v.

P. H. GLATFELTER COMPANY
and
WTM I COMPANY
(f/k/a Wisconsin Tissue Mills Inc.),

        Defendants.

CIVIL ACTION NO. 03-C-0949

The Honorable Lynn Adelman

### **UNITED STATES' NOTICE OF LODGING OF AMENDED CONSENT DECREE**

The United States of America (the "United States"), by and through its undersigned attorneys, hereby lodges the accompanying proposed Amended Consent Decree with this Court. The Amended Consent Decree concerns polychlorinated biphenyl ("PCB") contamination in the portion of the Lower Fox River and Green Bay Site (the "Site") designated as Operable Unit 1 (Little Lake Butte des Morts).

    1.    Although this case was concluded by the Court's entry of an earlier Consent Decree on April 12, 2004, the Court has rightly recognized that it has continuing jurisdiction over this matter for the purpose of modifying or enforcing that Decree.  See United States v. P.H. Glatfelter Co., No. 03-C-949, 2008 WL 419901 (E.D. Wis. Feb. 13, 2008).  The United States will seek the Court's approval and entry of the accompanying proposed Amended Consent

Decree pursuant to that retention of jurisdiction if the United States receives no information during an upcoming public comment period that shows that the Amended Decree is "inappropriate, improper, or inadequate" within the meaning of Section 122(d)(2)(B) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9622(d)(2)(B).

2. On October 1, 2003, the Plaintiffs filed a Complaint in this action pursuant to Sections 106 and 107 of CERCLA, 42 U.S.C. §§ 9606 and 9607. The Complaint alleged that Defendants P.H. Glatfelter Company and WTM I Company (the Defendants") are parties liable under CERCLA for certain cleanup-related response costs incurred for response activities undertaken in response to the release and threatened release of hazardous substances from facilities at and near OU1. The United States also sought injunctive relief under CERCLA requiring the Defendants to abate conditions at Operable Unit 1 that may present an imminent and substantial endangerment to the public health or welfare or the environment because of actual or threatened releases of hazardous substances into the environment at and from Operable Unit 1.

3. The original Consent Decree required the Defendants to implement the cleanup remedy for Operable Unit 1 that was selected in a December 2002 Record of Decision issued jointly by the U.S. Environmental Protection Agency ("EPA") and the Wisconsin Department of Natural Resources ("WDNR"). That Decree provided that the Defendants would pay for performance of that work using a specially-dedicated $60 million fund established by the companies, plus interest earned on the money placed in that fund. In light of that limited funding commitment, the Decree included corresponding "cost reopener" provisions that allowed

termination of the Decree (with reservations of rights) if the actual costs of the work exceeded that funding commitment. The settlement did not resolve the Defendants' liability for response activities or response costs relating to areas of the Site other than Operable Unit 1.

4. Remedial dredging work in Operable Unit 1 began under the Consent Decree in 2004. Between 2004 and 2007, approximately 335,000 cubic yards of PCB-contaminated sediment was dredged from Operable Unit 1 and disposed of in an off-site commercial landfill.

5. The Amended Consent Decree would eliminate the "cost reopener" provisions of the original Decree and it would require the Defendants to complete the Operable Unit 1 cleanup without any pre-defined funding limitation. The Amended Decree also would accommodate adjustments to the Operable Unit 1 remedy that are reflected in a Record of Decision Amendment that EPA and WDNR issued earlier this month. The work under the original Decree and the proposed Amended Decree is estimated to cost approximately $102 million. Like the original Decree, the Amended Decree would not resolve the Defendants' liability for additional cleanup work that will be required elsewhere at the Site.

6. In accordance with CERCLA Section 122(d)(2), 42 U.S.C. § 9622(d)(2), the United States will publish notice of the lodging of the proposed Amended Consent Decree in the Federal Register to commence a thirty (30)-day public comment period. The Court should not sign the Amended Decree until the public has had an opportunity to comment and the Plaintiffs have addressed those comments, if any.

7. At the conclusion of the public comment period, the Plaintiffs will: (i) file with the Court any written comments received pertaining to the proposed Amended Consent Decree; and (ii) either notify the Court of their withdrawal of the proposed Amended Consent Decree, or

respond to comments received and request the Court to approve and enter the proposed

Amended Consent Decree.

                                                 Respectfully submitted,

                                                 For the United States of America

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Dated:      June 20, 2008      s/ *Randall M. Stone*
RANDALL M. STONE, Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 514-1308


STEVEN M. BISKUPIC
United States Attorney


MATTHEW V. RICHMOND
Assistant United States Attorney
Eastern District of Wisconsin
U.S. Courthouse and Federal Building - Room 530
517 E. Wisconsin Avenue
Milwaukee, WI 53202

- 4 -

# CERTIFICATE OF SERVICE

Pursuant to Paragraph 112 of the proposed Amended Consent Decree in this case, I hereby certify that copies of the foregoing Notice of Lodging (and the accompanying proposed Amended Decree) were served on this date by the Court's electronic case filing system and by first-class mail, postage prepaid, upon the following individuals:

Nancy K. Peterson
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2040
Milwaukee, WI  53202-4497

J.P. Causey Jr.
Vice President & Corporate Secretary
WTM I Company
c/o Chesapeake Corporation
1021 E. Cary Street
Box 2350
Richmond, VA  23218-2350

Thomas G. Jackson
General Counsel
P.H. Glatfelter Company
96 South George Street
York, PA  17401-1434

David G. Mandelbaum
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599

Cynthia R. Hirsch
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI  53707-7857

Dated:     June 20, 2008           s/ *Randall M. Stone*