| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF WISCONSIN<br><br>    Plaintiffs,<br><br>    v.<br><br>P. H. GLATFELTER COMPANY, *et al.*,<br><br>    Defendants. | Civil Action No. 03-C-949 |
| UNITED STATES OF AMERICA and the STATE OF WISCONSIN<br><br>    Plaintiffs,<br><br>    v.<br><br>NCR CORPORATION, *et al.*,<br><br>    Defendants. | Civil Action No. 10-C-910 |

**STIPULATION SETTLING OVERSIGHT COST REIMBURSEMENT DISPUTE BETWEEN THE UNITED STATES AND P. H. GLATFELTER COMPANY**

This Stipulation documents an agreed resolution of a dispute concerning the United States' demand that P. H. Glatfelter Company ("Glatfelter") reimburse certain costs that the United States claims the U.S. Environmental Protection Agency ("EPA") incurred for oversight response activities at the Lower Fox River and Green Bay Superfund Site in northeastern Wisconsin (the "Site") pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 *et seq.* ("CERCLA" or "Superfund"). This agreement concerns certain costs that the United States will seek and/or receive in the above-captioned cases, but the filing of this Stipulation does not require any immediate action by the court in either case.

## Brief Background

In *United States v. P. H. Glatfelter*, No. 03-C-949 (E.D. Wis.) ("*U.S. v. Glatfelter*"), the parties entered into a Consent Decree (entered in 2004) and an Amended Consent Decree (entered in 2008) for the performance of CERCLA remedial design and remedial action activities at Operable Unit 1 ("OU1") of the Site, which comprises the stretch of the Lower Fox River from the outlet of Lake Winnebago at the Neenah Dam and the Menasha Dam downstream to the Upper Appleton Dam. The original Consent Decree and the Amended Consent Decree for OU1 (collectively the "OU1 Consent Decrees") both provided for reimbursement of "Specified Future Response Costs" incurred by the United States in overseeing response work performed under those Consent Decrees. The OU1 Consent Decrees allowed payment of Specified Future Response Costs from a "Fox River OU1 Escrow Account" that was established and funded under those Consent Decrees.

In *United States v. NCR Corp.*, No. 10-C-910 (E.D. Wis.) ("*U.S. v. NCR*"), the United States sued Glatfelter and other defendants for, among other things, recovery of Site-related response costs other than the Specified Future Response Costs payable under the OU1 Consent Decrees. This included EPA costs associated with the downstream segments of the Lower Fox River and Green Bay, which have been designated as Operable Units 2-5 ("OUs 2-5").

In the litigation of the United States' cost recovery claims in *U.S. v. NCR*, experts engaged by Glatfelter and another defendant raised issues concerning $938,934.76 in direct and indirect costs associated with Superfund Cooperative Agreement No. V98576902 ("Cooperative Agreement 902"), which provided for EPA reimbursement of certain Site-related costs of the Wisconsin Department of Natural Resources ("WDNR"). Glatfelter's expert opined that, of the $938,934.76 incurred by EPA for Cooperative Agreement 902: (i) at least $282,748.95 was

attributable to OUs 2-5; and (ii) some or all of the remaining $656,185.81 was attributable to OU1.

In *U.S. v. NCR,* the United States sought summary judgment that Glatfelter is liable for reimbursement of at least $32,748,629.76 in net unreimbursed non-OU1 response costs incurred by EPA through September 30, 2015. In light of the issues raised by defendants' experts, that dollar amount sought on summary judgment did not include any portion of the $938,934.76 incurred by EPA for Cooperative Agreement 902. Glatfelter opposed the United States' requests for entry of summary judgment, and Glatfelter also filed its own motion for summary judgment, arguing that:

(i) under CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2), Glatfelter is entitled to a reduction in its potential liability for EPA's response costs in the amount of the natural resource damages settlement funds remaining in the Department of the Interior's NRDAR Fund and the amount of the excess settlement funds held by the State of Wisconsin ("Glatfelter's 113(f)(2) Defense"); and

(ii) EPA costs associated with Cooperative Agreement payments for WDNR oversight activities were incurred inconsistently with Section 400(h) of the National Contingency Plan ("NCP"), 40 C.F.R. § 300.400(h) ("Glatfelter's NCP Defense").

These issues have now been fully briefed in *U.S. v. NCR*.

On May 8 and 9, 2018, EPA submitted an oversight costs bill and an escrow disbursement certificate seeking reimbursement of $656,185.81 of EPA's Cooperative Agreement 902 costs as Specified Future Response Costs payable under the OU1 Consent Decrees. Glatfelter filed a timely notice of dispute on May 23, 2018. Glatfelter's notice

commenced an informal dispute resolution process that yielded the agreement set forth in this Stipulation.

**Agreed Terms of Settlement**

1. The parties agree that $656,185.81 of the $938,934.76 in costs incurred by EPA for Cooperative Agreement 902 shall be classified as Specified Future Response Costs under the OU1 Consent Decrees in *U.S. v. Glatfelter*. For that $656,185.81 in Specified Future Response Costs:

    a. $393,951.21 shall be paid to EPA by a Fox River OU1 Escrow Account disbursement authorized by Glatfelter. $131,716.60 of that $393,951.21 has already been paid in this manner. Glatfelter shall ensure that the balance of that $393,951.21 – totaling $262,234.61 – is paid to EPA by a Fox River OU1 Escrow Account disbursement no later than 10 business days after this Stipulation takes effect.

    b. The United States agrees to compromise and forego recovery of the remaining $262,234.60 from Glatfelter. Although Glatfelter shall not be required to pay that portion of EPA's costs for Cooperative Agreement 902, through the OU1 Escrow Account disbursement process or otherwise, those costs shall be classified as "Specified Future Response Costs" for all other purposes under the OU1 Consent Decrees, including under Section XXII (Covenants Not to Sue by Plaintiffs), Section XXIII (Covenants by Settling Defendants), and Section XXV (Effect of Settlement and Contribution Protection).

    c. The United States represents that, to its knowledge, there are no outstanding EPA costs that are eligible for reimbursement from the OU1 Escrow

Account that have not yet been submitted for such reimbursement for work performed prior to 2014.

2. The parties agree that the United States shall pursue recovery of $282,748.95 of the $938,934.76 in EPA costs for Cooperative Agreement 902 in the litigation in *U.S. v. NCR*. For that $282,748.95:

    a. The parties stipulate that EPA incurred that $282,748.95 in costs for oversight of response activities in OUs 2-5 funded under Cooperative Agreement 902.

    b. The parties stipulate that this $282,748.95 in EPA costs for OUs 2-5 has been adequately documented and properly accounted for by EPA.

    c. The parties stipulate that this $282,748.95 in EPA costs is suitable for award on summary judgment in *U.S. v. NCR*, subject only to Glatfelter's 113(f)(2) Defense and Glatfelter's NCP Defense. If the court in *U.S. v. NCR* rejects Glatfelter's NCP Defense, the $282,748.95 would be added to the $32,748,629.76 that the United States previously sought on summary judgment, yielding $33,031,378.71 in uncontested unreimbursed non-OU1 response costs that EPA incurred through September 30, 2015, not inconsistent with the NCP. If the court in *U.S. v. NCR* accepts Glatfelter's NCP Defense, then EPA incurred $30,961,760.04 in uncontested unreimbursed non-OU1 response costs through September 30, 2015, not inconsistent with the NCP.

3. This Stipulation contains the entire agreement between the parties with respect to the $938,934.76 in costs incurred by EPA for Cooperative Agreement 902. The parties reserve all rights, arguments, and defenses that they may have regarding costs other than the $938,934.76 stipulated to herein. Each undersigned representative of the United States and Glatfelter certifies

5

that he or she is fully authorized to enter into the terms of this Stipulation and to legally bind such party to all terms of this agreement. This Stipulation shall take effect on the day it is filed with the court in the above-captioned cases.

    **IT IS SO STIPULATED.**

**STIPULATION SETTLING OVERSIGHT COST REIMBURSEMENT DISPUTE
BETWEEN THE UNITED STATES AND P. H. GLATFELTER COMPANY**

|  |  |
|---|---|
|  | For the United States of America |
|  | JEFFREY H. WOOD<br>Acting Assistant Attorney General<br>Environment and Natural Resources Division |
| Dated: July 3, 2018 | s/ *Randall M. Stone*<br>RANDALL M. STONE<br>KRISTIN M. FURRIE<br>ANNA E. CROSS<br>NICHOLAS A. McDANIEL<br>Environmental Enforcement Section<br>Environment and Natural Resources Division<br>U.S. Department of Justice<br>P.O. Box 7611<br>Washington, DC 20044-7611<br>Telephone: 202-514-1308<br>Facsimile: 202-616-6584<br>E-Mail: randall.stone@usdoj.gov |
|  | MATTHEW D. KRUEGER<br>United States Attorney |
|  | SUSAN M. KNEPEL<br>Assistant United States Attorney<br>Office of the United States Attorney<br>517 E. Wisconsin Avenue, Room 530<br>Milwaukee, WI 53202 |
|  | *Attorneys for the United States* |

**STIPULATION SETTLING OVERSIGHT COST REIMBURSEMENT DISPUTE
BETWEEN THE UNITED STATES AND P. H. GLATFELTER COMPANY**

                    For P. H. Glatfelter Company

Dated: July 3, 2018        s/ *David G. Mandelbaum*
                                    David G. Mandelbaum
                                    Caleb J. Holmes
                                    Jillian C. Kirn
                                    Kaitlyn R. Maxwell
                                    Greenberg Traurig, LLP
                                    2001 Market Street
                                    Suite 2700
                                    Philadelphia, PA 19103

                                    Francis A. Citera
                                    Tiffany M. Andras
                                    Greenberg Traurig, LLP
                                    77 West Wacker Drive
                                    Suite 3100
                                    Chicago, IL 60601

                                  ***Attorneys for Defendant***
                                  ***P. H. Glatfelter Company***

8

Case 2:03-cv-00949-LA    Filed 07/03/18    Page 8 of 9    Document 38

## CERTIFICATE OF SERVICE

      I hereby certify that, on this day, I filed the foregoing Stipulation electronically with the Clerk of the Court using the Court's Electronic Case Filing System, which sent notification of such filing to all counsel of record through the ECF notification system.


Dated: July 3, 2018                      s/ *Randall M. Stone*